# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

JAYME BLACK WINFREE,
INDIVIDUALLY AND AS
NEXT FRIEND FOR B.W.,
A MINOR CHILD,

          Plaintiff,

v.

EVERGREEN TANK SOLUTIONS, INC.,

          Defendant.

Case No. _____

## EXHIBIT B

- Civil Cover Sheet
- Certified Copy of Civil Docket Sheet and Pleadings

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS**<br>Jayme Black Winfree, Individually and as Next Friend for B.W., A Minor Child | **DEFENDANTS**<br>Evergreen Tank Solutions, Inc. |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff    Orange<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Arizona<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Lance Bradley and Phillip Brent, Bradley & Steele, PLLC, 3120 Central Mall Drive, Port Arthur, Texas 77642, (409) 724-6644 | Attorneys *(If Known)*<br>Karen Bennett, Germer PLLC, P.O. Box 4915, Beaumont, Texas 77704, (409) 654-6700 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
          Plaintiff

☐ 2  U.S. Government
          Defendant

☐ 3  Federal Question
          *(U.S. Government Not a Party)*

☒ 4  Diversity
          *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                                                 Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☒ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | | | **LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1  Original
          Proceeding

☒ 2  Removed from
          State Court

☐ 3  Remanded from
          Appellate Court

☐ 4  Reinstated or
          Reopened

☐ 5  Transferred from
          Another District
          *(specify)*

☐ 6  Multidistrict
          Litigation -
          Transfer

☐ 8  Multidistrict
          Litigation -
          Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332(a), 1441, and 1446

Brief description of cause:
wrongful death action

**VII. REQUESTED IN
        COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

**VIII. RELATED CASE(S)
        IF ANY**

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Jefferson County**
**District Clerk's Office**
1085 Pearl Street
Room 203
Beaumont, TX  77701
409-835-8580
Fax 409-835-8527



**Family Law Division**
409-835-8653

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

**JAMIE SMITH**
**District Clerk**

Date:   January 25, 2019

The State of Texas

County of Jefferson

Jayme Black Winfree
•   Cause# B-202272
Tubal Cain Industrial Services, et al

     I, Jamie Smith, Clerk of the District Court, in and for Jefferson County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the entire original case hereof, attached hereto 150 pages, as same was filed and appears of record in my office.

Witness my official seal and signature of office in Beaumont, Texas, this 25th day of January, A.D., 2019.

**Jamie Smith**, District Clerk
Jefferson County, Texas


By *L. Hollway*
Deputy

PAGE 1 OF 1
E-FILE:  8/20/18 TO CURRENT

# CIVIL DOCKET, DISTRICT COURT

CASE NO. B-0202272-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|---|
| B-0202272- | WINFREE, JAYME BLACK<br>VS<br>TUBAL CAIN INDUSTRIAL SERIVCES INC | BRADLEY, LANCE P **PLFT**<br>NO ATTORNEY AT THIS TIME **DEFT** | PERSONAL INJURY | 8/20/2018 | |
| | | | DISPOSITION DATE | JURY FEE | DATE |
| | | | | 40.00 | 10/25/18 |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| AUGUST 20, 2018 | TRO SIGNED.  HEARING SET FOR 8/31/2018 @9:00 A.M.<br>/S/ JUSTIN SANDERSON | |
| DECEMBER 07, 2018 | PLAINTIFFS ORDER OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT, TUBAL-CAIN<br>INDUSTRIES INC SIGNED.<br>/S/ JUSTIN SANDERSON | |
| DECEMBER 21, 2018 | HEARING HELD ON DEFENDANT'S MOTION TO  COMPEL ARBITRATION.  UNDER<br>ADVISEMENT UNTIL PLAINTIFF HAS TIME TO REVIEW MOTION FILED BY DEFENDANT,<br>EVERGREEN.  2 WEEKS.<br>/S/ JUSTIN SANDERSON | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



# CIVIL CASE INFORMATION SHEET

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/20/2018 8:52 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED: **JAYME BLACK WINFREE, INDIVIDUALLY AND AS NEXT FRIEND FOR B▓▓▓ W▓▓▓, A MINOR CHILD v.
TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. AND
EVERGREEN TANK SOLUTIONS**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Lance P. Bradley    **Email:** ghenderson@bradlaw.net<br><br>**Address:** 3120 Central Mall Drive    **Telephone:** (409) 724-6644<br><br>**City/State/Zip:** Port Arthur, TX 77642    **Fax:** (409) 724-7585<br><br>**Signature:** _(signature)_    **State Bar No:** 02826650 | **Plaintiff(s)/Petitioner(s):**<br>Jayme Black Winfree, Individually and as Next Friend for B▓▓ W▓▓, a Minor Child<br><br>**Defendant(s)/Respondent(s):**<br>Tubal-Cain Industrial Services, Inc., Tubal-Cain Marine services, Inc., Tubal-Cain Industries, Inc. and Evergreen Tank Solutions<br><br>[Attach additional page as necessary to list all parties] | ☑Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent: _____<br><br>Non-Custodial Parent: _____<br><br>Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br>_____<br>☑Other Injury or Damage:<br>Haz Mat Exposure | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: _____ | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |



**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
8/20/2018 8:52 AM
**JAMIE SMITH**
**DISTRICT CLERK**
B-202272

**JAMIE SMITH**
**JEFFERSON COUNTY DISTRICT CLERK**
1085 PEARL STREET, ROOM 203, BEAUMONT, TX 77701

## REQUEST FOR PROCESS
All sections <u>must</u> be completed for processing this request.

**Section 1:**

Cause No. _____        Date _____

Style:

_Jayme Black Wingree Individually + as Next Friend_
VS _MB████ W████ a Minor Child_
_Tubal-Cain Industrial Services, Inc. et al_

**Section 2:**

Check Process Type:

☐ Citation        ☐ Precept to Serve / Notice of Hearing/Notice to Show Cause
☑ Temporary Restraining Order
☐ Application for Protective Order / Temporary (Ex Parte) Protective Order
☐ Notice of Registration of Foreign Judgment    ☐ Citation by Posting
☐ Writ of_____    ☐ Other_____
☐ Citation by Publication*- Newspaper: _____

☐ Check box if you would like the District Clerk's Office to make copies for your service. ($1.00 per page per pleading for copies for service)

**Section 3:**

Title of Document/Pleading to be attached for service: _Petitioners' Application for Temporary Restraining Order, Temporary Injunction, Temporary Restraining Order + Order Setting Hearing for Preliminary Injunction_

Note: You must furnish <u>one copy</u> of the document/pleading for <u>each</u> party served.

**Section 4: PARTIES TO BE SERVED (Please type or print):**

1.Name: _Tubal-Cain Industrial Services, Inc_
Address: _c/o Edward J. Van Huis III, 5665 N. Main_
City: _Vidor_        State: _TX_        Zip: _77662_

2.Name: _Tubal-Cain Marine Services, Inc,_
_c/o Scott E. Shellon_
Address: _905 Orleans_
City: _Beaumont_        State: _TX_        Zip: _77706_

3. Name: *Tubal - Cain Industries Inc*

Address: *c/o Scott E. Shellon*
*905 Orleans*

City: *Beaumont*    State: *TX*    Zip: *97706*

4. Name:_____

Address:_____

City:_____ State:_____ Zip:_____

5. Name:_____

Address:_____

City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type:

☐  No Service               ☐  Secretary of State

☐  Sheriff                  ☐  Commissioner of Insurance

☐  Constable Pct.           ☐  Out of County

☐  Out of State             ☑  Private Process   ☐ Other

☐  Certified Mail

**Section 6 (ONLY if Section 7 does not apply)**

Attorney Name: *Lance P. Bradley (Allen Parker*

Address: *3120 Central Mall Drive*
Street/P.O. Box

*Pt. Arthur*          *TX*          *77642*
City                  State          Zip

Attorney's Telephone No. *409 346 44*  Attorney's Bar No. *02821650*

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____

_____  _____  _____
City                  State       Zip

Telephone No. _____

**Section 8**

## Check Delivery Type:

☑ Hold for pick up     ☐  Mail to Attorney

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8.20.18
8:52A

JAMIE SMITH
DISTRICT CLERK

NO. B202272

| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF Jamie Smith |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR B. W., | § | |
| A MINOR CHILD | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| TUBAL-CAIN INDUSTRIES, INC. | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60th JUDICIAL DISTRICT |

## PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now JAYME BLACK WINFREE, Individually and as Next Friend for B. W., a minor child, hereinafter referred to as Petitioner, complaining of TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS, hereinafter referred to as Respondent, and files this Application for Temporary Restraining Order and Temporary Injunction and, in support thereof, would show unto the Court the following:

I.

Petitioner is a resident of Orange County, Texas.

Respondent, TUBAL-CAIN INDUSTRIAL SERVICES, INC., is a domestic corporation doing business in, among others, Jefferson County, Texas. Service on such Respondent may be had by serving its Registered Agent: Edward J. Van Huis, III, 5665 North Main, Vidor, TX 77662.

Respondent, TUBAL-CAIN MARINE SERVICES, INC., is a domestic corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent:  Scott E. Sheldon, 905 Orleans, Beaumont, TX 77706.

Respondent, TUBAL-CAIN INDUSTRIES, INC, is a domestic corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent:  Scott E. Sheldon, 905 Orleans, Beaumont, TX 77706.

Respondent, EVERGREEN TANK SOLUTIONS, INC., is a foreign corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent:  Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

II.

Venue is proper in this County pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas.

III.

Petitioner would show that, on or about August 17, 2018, TYLER WINFREE (hereinafter sometimes referred to as Decedent) died in an incident involving a tank believed to be owned by Respondent EVERGREEN TANK SOLUTIONS, INC., and now currently situated on the property of Respondents, TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC. and TUBAL-CAIN INDUSTRIES, INC. (collectively hereinafter sometimes referred to as Respondents TUBAL-CAIN).  Decedent was working for Respondents, TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC. and/or TUBAL-CAIN INDUSTRIES, INC., at a facility located on Old Ferry Road and owned and/or operated by Respondents TUBAL-CAIN in Port Arthur, Jefferson

County, Texas. The incident resulted in the death of TYLER WINFREE. B. W. is the minor son and an heir of decedent. He is represented by his next friend and natural mother, JAYME BLACK WINFREE.

IV.

Petitioner anticipates that, in the near future, she will institute an action as a result of the incident in question, which caused the death of TYLER WINFREE. As part of her burden of proof in this action, it will be necessary for Petitioner to show as nearly as possible the circumstances and facts surrounding the causation of the incident in question.

From Petitioner's counsel's past experience, it will involve expert testimony as to the cause of the incident. Such testimony must be based upon facts reasonably relied upon by experts in the particular field upon which evidence is sought. This will necessitate such experts having an idea of exactly what happened and the circumstances surrounding the incident.

V.

Petitioner applies to the Court for a temporary restraining order and temporary injunction against Respondents TUBAL-CAIN and Respondent EVERGREEN TANK SOLUTIONS and their agents, servants, employees, representatives, contractors, officers, owners and/or vice-principals.

VI.

A Temporary Restraining Order and Temporary Injunction are available on the specific grounds that Respondents and/or their agents, servants, employees, representatives, contractors, officers, owners and/or vice-principals or other persons at their independent or collective direction could likely remove, repair, alter or change certain items, including but not limited to the tank, equipment and any other remaining evidence related to the incident in Respondents' actual or constructive possession that was involved in the incident made the basis of this filing.

Petitioner would show that, pursuant to Texas Civil Practice and Remedies Code Section 65.011, she is entitled to the relief demanded from Respondents in that all or part of the relief requires the restraint of Respondents as set forth above in order to preserve the status quo and Petitioner has no adequate remedy at law in the event that such status quo is not preserved.

## VII.

This incident occurred at Respondent TUBAL-CAIN's facility located in Jefferson County, Texas, on Old Ferry Road. If the status quo is not preserved, Petitioner will probably lose evidence necessary to the investigation of this case. Accordingly, a temporary restraining order and temporary injunction are necessary to prohibit Respondents and their agents, servants, employees, representatives, contractors, officers, owners and/or vice-principals from moving, repairing, altering, changing and/or removing items from or related to the tank, equipment and any other remaining evidence, including equipment and property, related to the incident in Respondents' actual or constructive possession for their current location(s) so that critical evidence related to the underlying suit will not be lost, spoliated and/or damaged. Petitioner needs the opportunity to have a consultant expert inspect said tank, equipment and other available evidence prior to any changes or alterations being made to said tank, equipment and other available evidence.

## VIII.

The property that is subject to this application for temporary restraining order and temporary injunction includes the following:

1. The actual tank involved in the incident where TYLER WINFREE was found on August 17, 2018;

2. The actual respiratory protective device, if any, that TYLER WINFREE was wearing at the time of this incident;

3. A copy of Respondent TUBAL-CAIN's respiratory protective program;

4.   All photographs and/or video tapes of the scene, the tank and any equipment involved in this incident;

5.   All accident, incident and/or investigative reports which refer to or relate to this incident;

6.   All written statements of Respondents, their employees and/or agents, regarding the incident in question, its potential cause or any other information provided to OSHA, Respondents' insurers or made for internal purposes;

7.   Any air quality monitoring device or instrument that may have been used on the tank in question prior to this incident occurring, along with any maintenance, repair or calibration documents for said monitoring device;

8.   The results of any air monitoring performed inside the tank involved in this incident prior to Decedent being found in said tank;

9.   Any and all documents, notes, memoranda, material safety data sheets, bills of lading, delivery tickets or other documentation that shows or tends to show:

   a.   The owner of the tank involved in this incident;
   b.   The contents, product or substance that was in the tank immediately prior to this incident occurring and the inhalation risks associated with said product or substance;
   c.   The date and time the tank in question was delivered or dropped off to Respondent TUBAL-CAIN's facility where this incident occurred;
   d.   Exactly what work or maintenance was to be performed by Respondents on the tank involved in this incident;
   e.   The schedule or time frame, if any, that the work or maintenance to be performed on the tank in question was to start and when the work or maintenance was scheduled to be completed;

10.  All work orders, purchase orders, job safety analyses, job hazard analyses and/or permits referring to the work to be performed or that was performed on the tank in question and made the basis of this occurrence; and,

11.  All written company policies and procedures pertaining to the work and/or maintenance to be performed or that was performed on the tank in question.

IX.

By this application, Petitioner seeks a temporary restraining order (hereinafter referred to

as a "TRO") and a temporary injunction restraining and prohibiting Respondents, TUBAL-CAIN

INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN

INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS, and/or their agents, servants,

employees, representatives, contractors, officers, owners, insurers, investigators, attorneys and/or vice-principals or any other persons at their independent or collective direction, from altering, changing, transporting, moving, touching, directly or indirectly, in any manner the tank, equipment and other items specifically described above.  This TRO and temporary injunction are not sought for harassment or delay but in order to preserve the status quo and so that equity and justice may be done.

## X.

Petitioner would show that, due to the reasons set forth above, a TRO and temporary injunction are required and that Petitioner has no adequate remedy at law to address or to prevent Petitioner's imminent and irreparable injury as a result of actions that could occur on behalf of Respondents.

## XI.

It is essential that the Court immediately and temporarily restrain Respondents from committing, performing or procuring the performance of the prohibited acts set forth above in that, if said activities are not prohibited or restrained, valuable, material evidence will be forever lost.

## XII.

In order to preserve the status quo and the property and rights of Petitioner during the pendency of this action, Respondents should be cited to appear and show cause why they should not be temporarily restrained during the pendency of this suit from the conduct mentioned above.

WHEREFORE, PREMISES CONSIDERED Plaintiff requests and prays that:

1.   This Court order, without notice, that Respondents be temporarily restrained from committing the acts set forth herein related to the tank, equipment and any other remaining evidence, including equipment and property, related to the incident in

Respondents' actual or constructive possession from described herein for the period allowed by law;

2.  That, after notice and hearing, a temporary injunction be ordered against Respondents during the pendency of this cause to preserve the status quo and allow Petitioner an opportunity to inspect said tank, equipment and any other remaining evidence, including equipment and property, related to the incident in Respondents' actual or constructive possession;

3.  That Respondents be cited to appear and answer herein; and,

4.  For such other and further relief at law or in equity to which Petitioner may be justly entitled.

Respectfully submitted,

BRADLEY & STEELE, PLLC
3120 Central Mall Drive
Port Arthur, TX  77642
Phone: (409) 724-6644
Fax: (409) 724-7585
E-Mail Address:  lbradley@bradlaw.net

By: _____
        LANCE P. BRADLEY
        State Bar No. 02826650

PARKER LAW FIRM
2300 Highway 365, Suite 330
Nederland, TX  77627
Phone: (409) 985-8814
Fax: (409) 985-2833

By: _____
        ALLEN PARKER
        State Bar No. 00794422
        aparker@theparkerlawfirm.com

ATTORNEYS FOR PETITIONER

THE STATE OF TEXAS     §
                       §
COUNTY OF JEFFERSON  §

## VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day appeared Lance P. Bradley who, being by me duly sworn, on oath said that he is the Attorney for Petitioner in this cause; that he has read the above and foregoing Application for Temporary Restraining Order and Temporary Injunction; and that every statement contained therein is within his personal knowledge or information and belief and is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME on this, the 20th day of August, 2018, to certify which witness my hand and official seal.

_____
LANCE P. BRADLEY,
Attorney for Petitioner

_____
Notary Public – State of Texas



VIRGINIA HENDERSON
Notary ID #6981705
My Commission Expires
APRIL 7, 2021

C0202272---00005

CITATION

# THE STATE OF TEXAS

## No.  B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:  **TUBAL CAIN INDUSTRIAL SERIVCES INC**
     **BY SERVING REGISTERD AGENT**
     **EDWARD J VAN HUIS, III**

by serving at:
**5665 NORTH MAIN**
**VIDOR, TX     77662**

**DEFENDANT:**

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.   It bears cause number B-0202272 and is styled:

Plaintiff:

        **JAYME BLACK WINFREE**
VS.

        **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

    The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        **BRADLEY, LANCE P, Atty.**
        **3120 CENTRAL MALL DRIVE**
        **PORT ARTHUR, TX   77642 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's APPLICATION (GENERAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

               JAMIE SMITH, DISTRICT CLERK
               JEFFERSON COUNTY, TEXAS

               *Sherrye Kohler*

        BY                         Deputy

        Sherrye

## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:

TUBAL CAIN INDUSTRIAL SERIVCES INC

BY SERVING REGISTERD AGENT

VIDOR, TX 77662 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in

_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation

with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                        $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is

(First, Middle, Last)

_____

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

CITATION

C0202272---00006

# THE STATE OF TEXAS

## No.  B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

### CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN MARINE SERVICES INC**
**BY SERVING REGISTERD AGENT**
**SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX    77706**

**DEFENDANT:**

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.   It bears cause number B-0202272 and is styled:

Plaintiff:

    **JAYME BLACK WINFREE**

VS.

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

    The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        **BRADLEY, LANCE P, Atty.**
        **3120 CENTRAL MALL DRIVE**
        **PORT ARTHUR, TX    77642 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's APPLICATION (GENERAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

                JAMIE SMITH, DISTRICT CLERK
                JEFFERSON COUNTY, TEXAS

BY                                      Deputy

    Sherrye

## RETURN OF SERVICE

B-0202272                 60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

                                        _____, Officer
                                        _____, County, Texas
                                        By: _____, Deputy

**ADDRESS FOR SERVICE**:
TUBAL CAIN MARINE SERVICES INC
BY SERVING REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____
Total                      $_____

                                        _____, Officer
                                        _____, County, Texas

                                        By: _____, Deputy
                                        _____
                                        Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____
            (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (Id # expiration of certification)

CITATION

C0202272---00007

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIAL SERIVCES INC**
      **BY SERVING REGISTERD AGENT**
      **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX    77706**

**DEFENDANT:**

NOTICE:

       You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.   It bears cause number B-0202272 and is styled:

Plaintiff:

       **JAYME BLACK WINFREE**
VS.
       **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

       The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

              **BRADLEY, LANCE P, Atty.**
              **3120 CENTRAL MALL DRIVE**
              **PORT ARTHUR, TX    77642 0**

       The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's APPLICATION (GENERAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

       Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

                            JAMIE SMITH, DISTRICT CLERK
                            JEFFERSON COUNTY, TEXAS

                            BY    _Sherrye Kohler_    Deputy

                    Sherrye



## RETURN OF SERVICE

B-0202272                60 th JUDICIAL DISTRICT COURT

**JAYME BLACK** WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**:
**TUBAL CAIN** INDUSTRIAL SERIVCES INC
**BY SERVING** REGISTERD AGENT

BEAUMONT, TX 77706 0000                **OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

**Name**                          **Date/Time**                      **Place, Course and Distance from Courthouse**
_____    _____    _____
_____    _____    _____

And not executed as to the defendant(s),      _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy  $_____
Total                                 $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
           (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)



C0202272---00009

# THE STATE OF TEXAS

No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **TUBAL CAIN INDUSTRIAL SERIVCES INC**
   **BY SERVING REGISTER AGENT**
   **EDWARD K VAN HUIS, III**
   **5665 NORTH MAIN**
   **VIDOR, TX   77662 0000**

GREETING:

WHEREAS;
     WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

    **JAYME BLACK WINFREE**

plaintiff and

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

    And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

    YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

    Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

            JAMIE SMITH, DISTRICT CLERK
            JEFFERSON COUNTY, TEXAS
            BY:

            Sherrye Deputy

**RETURN OF SERVICE**

B-0202272            60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**:
TUBAL CAIN INDUSTRIAL SERIVCES INC
BY SERVING REGISTER AGENT
EDWARD K VAN HUIS, III
5665 NORTH MAIN
VIDOR, TX 77662 0000

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following
times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____
Total                                $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

C0202272---00010

# THE STATE OF TEXAS

## No.  B-0202272

### JAYME BLACK WINFREE
### VS.  TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **TUBAL CAIN MARINE SERVICES INC**
**BY SERVING REGISTERED AGENT**
**SCOTT E SHELDON**
**905 ORLEANS**
**BEAUMONT, TX    77706 0000**

GREETING:

WHEREAS;
    WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

**JAYME BLACK WINFREE**

plaintiff and

**TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY:

Sherrye Deputy

## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
TUBAL CAIN MARINE SERVICES INC
BY SERVING REGISTERED AGENT
SCOTT E SHELDON
905 ORLEANS
BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following
times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____
Total                             $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
                          (First, Middle, Last)
_____.

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)



C0202272---00011

# THE STATE OF TEXAS

## No. B-0202272

### JAYME BLACK WINFREE
### VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **TUBAL CAIN INDUSTRIES INC**
   **BY SERVING REGISTERED AGENT**
   **SCOTT E SHELDON**
   **905 ORLEANS**
   **BEAUMONT, TX    77706 0000**

GREETING:

WHEREAS;
       WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

**JAYME BLACK WINFREE**

plaintiff and

**TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY:

Sherrye Deputy

L H



C0202272---00012

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **EVERGREEN TANK SOLUTIONS**
**BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
**DBA CSC LAWYERS INC SVC CO**
**211 EAST 7TH ST, STE. 620**
**AUSTIN, TX   78701 0000**

GREETING:

WHEREAS;
WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

**JAYME BLACK WINFREE**

plaintiff and

**TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY:

Sherrye Deputy

## RETURN OF SERVICE

B-0202272            60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**:
EVERGREEN TANK SOLUTIONS
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
DBA CSC LAWYERS INC SVC CO
211 EAST 7TH ST, STE. 620
AUSTIN, TX 78701 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy  $_____
Total                      $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

CITATION

C0202272---00013

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **EVERGREEN TANK SOLUTIONS**
      **BY SERVING ITS REGISTERED AGENT**
      **CORPORATION SERVICE CO DBA CSC-LAWYERS INC SERVICE CO**

by serving at:
**211 EAST 7TH STREET**
**SUITE 620**
**AUSTIN, TX   78701**

                                                                    **DEFENDANT:**

NOTICE:

     You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.  It bears cause number B-0202272 and is styled:

                                                                    Plaintiff:

    **JAYME BLACK WINFREE**

VS.

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

                                                                    Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        **BRADLEY, LANCE P, Atty.**
        **3120 CENTRAL MALL DRIVE**
        **PORT ARTHUR, TX   77642 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES BE EFILED  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

               JAMIE SMITH, DISTRICT CLERK
               JEFFERSON COUNTY, TEXAS

               *Stacie C. Mussella*

BY                                                                  Deputy

Stacie

## RETURN OF SERVICE

B-0202272                    60 th JUDICIAL DISTRICT COURT

**JAYME BLACK** WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
EVERGREEN TANK SOLUTIONS
BY SERVING ITS REGISTERED AGENT

AUSTIN, TX 78701 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

**FEES:**

Serving Petition and Copy   $_____

Total                                   $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
                    (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8.20.18
9:51A

NO. 0202272

JAYME BLACK WINFREE,           §      IN THE DISTRICT COURT OF
INDIVIDUALLY AND AS NEXT       §
FRIEND FOR B███████ W████████  §      JAMIE SMITH
A MINOR CHILD                  §      DISTRICT CLERK
                               §
VS.                            §      JEFFERSON COUNTY, TEXAS
                               §
TUBAL-CAIN INDUSTRIAL          §
SERVICES, INC., TUBAL-CAIN     §
MARINE SERVICES, INC.,         §
TUBAL-CAIN INDUSTRIES, INC.    §
and EVERGREEN TANK SOLUTIONS   §      60th JUDICIAL DISTRICT

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

On August 20th, 2018, the Court heard the Application of Petitioner, JAYME BLACK

WINFREE, Individually and as Next Friend for B███████ W████████ a minor child, for

issuance of a Temporary Restraining Order.

I.      The Court, after examining the pleadings and affidavit, finds that there is evidence that:

    A.   Petitioner is entitled to preservation of the status quo relating to the following:

        1.   The actual tank involved in the incident where TYLER WINFREE was
found on August 17, 2018;

        2.   The actual respiratory protective device, if any, that TYLER WINFREE
was wearing at the time of this incident;

        3.   A copy of Respondent TUBAL-CAIN's respiratory protective program;

        4.   All photographs and/or video tapes of the scene, the tank and any
equipment involved in this incident;

        5.   All accident, incident and/or investigative reports which refer to or relate
to this incident;

        6.   All written statements of Respondents, their employees and/or agents,
regarding the incident in question, its potential cause or any other
information provided to OSHA, Respondents' insurers or made for
internal purposes;

7.   Any air quality monitoring device or instrument that may have been used on the tank in question prior to this incident occurring, along with any maintenance, repair or calibration documents for said monitoring device;

8.   The results of any air monitoring performed inside the tank involved in this incident prior to Decedent being found in said tank;

9.   Any and all documents, notes, memoranda, material safety data sheets, bills of lading, delivery tickets or other documentation that shows or tends to show:

   a.   The owner of the tank involved in this incident;
   b.   The contents, product or substance that was in the tank immediately prior to this incident occurring and the inhalation risks associated with said product or substance;
   c.   The date and time the tank in question was delivered or dropped off to Respondent TUBAL-CAIN's facility where this incident occurred;
   d.   Exactly what work or maintenance was to be performed by Respondents on the tank involved in this incident;
   e.   The schedule or time frame, if any, that the work or maintenance to be performed on the tank in question was to start and when the work or maintenance was scheduled to be completed;

10.   All work orders, purchase orders, job safety analyses, job hazard analyses and/or permits referring to the work to be performed or that was performed on the tank in question and made the basis of this occurrence; and,

11.   All written company policies and procedures pertaining to the work and/or maintenance to be performed or that was performed on the tank in question.

B.   The harm is imminent in that, if the Court does not issue this Temporary Restraining Order, Petitioner would likely be irreparably harmed through the loss, destruction and/or spoliation of material evidence necessary to the investigation and/or prosecution of Petitioner's potential claims and that, as a result of such imminent risk and harm, Petitioner has no adequate remedy at law.

2

C.   An ex parte Order is necessary without notice to Respondents because there is insufficient time to give notice to Respondents, hold a hearing and issue an injunction or other order before such imminent and irreparable harm occurs.

II.   Therefore, the Court ORDERS as follows:

A.   Respondents, TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS, and each of their agents, servants, employees, representatives, contractors, officers, owners, insurers, investigators, attorneys, vice-principals and all other person acting by or through their instruction are hereby restrained from transporting, removing, altering, changing, repairing and/or disturbing the following items.:

1.   The actual tank involved in the incident where TYLER WINFREE was found on August 17, 2018;

2.   The actual respiratory protective device, if any, that TYLER WINFREE was wearing at the time of this incident;

3.   A copy of Respondent TUBAL-CAIN's respiratory protective program;

4.   All photographs and/or video tapes of the scene, the tank and any equipment involved in this incident;

5.   All accident, incident and/or investigative reports which refer to or relate to this incident;

6.   All written statements of Respondents, their employees and/or agents, regarding the incident in question, its potential cause or any other information provided to OSHA, Respondents' insurers or made for internal purposes;

7.   Any air quality monitoring device or instrument that may have been used on the tank in question prior to this incident occurring, along with any maintenance, repair or calibration documents for said monitoring device;

8. The results of any air monitoring performed inside the tank involved in this incident prior to Decedent being found in said tank;

9. Any and all documents, notes, memoranda, material safety data sheets, bills of lading, delivery tickets or other documentation that shows or tends to show:

    a. The owner of the tank involved in this incident;
    b. The contents, product or substance that was in the tank immediately prior to this incident occurring and the inhalation risks associated with said product or substance;
    c. The date and time the tank in question was delivered or dropped off to Respondent TUBAL-CAIN's facility where this incident occurred;
    d. Exactly what work or maintenance was to be performed by Respondents on the tank involved in this incident;
    e. The schedule or time frame, if any, that the work or maintenance to be performed on the tank in question was to start and when the work or maintenance was scheduled to be completed;

10. All work orders, purchase orders, job safety analyses, job hazard analyses and/or permits referring to the work to be performed or that was performed on the tank in question and made the basis of this occurrence; and,

11. All written company policies and procedures pertaining to the work and/or maintenance to be performed or that was performed on the tank in question.

B. The Clerk is to issue to Respondents, TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS, notice that a hearing on Petitioner's Application for Temporary Injunction is set for ___ day, the _ *31st* day of *August*, 2018, at *9:00 A.M.* The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Temporary Injunction pending a full and final trial on the merits.

C. Bond is set at $ *500.00* .

D. This Order expires on *August 31st*, 2018.

4

SIGNED this _30th_ day of August, 2018, at _9:40_ a.m./p.m.

_____

JUDGE PRESIDING

5

C0202272---00015

# THE STATE OF TEXAS

## No. B-0202272

### JAYME BLACK WINFREE
### VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **TUBAL CAIN INDUSTRIAL SERIVCES INC**
**BY SERVING REGISTERED AGENT**
**EDWARD J VAN HUIS, III**
**5665 NORTH MAIN**
**VIDOR, TX    77662 0000**

GREETING:

WHEREAS;
    WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

    **JAYME BLACK WINFREE**

plaintiff and

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

    And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

    YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

    Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY:

Sherrye Deputy

## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
TUBAL CAIN INDUSTRIAL SERIVCES INC
BY SERVING REGISTERED AGENT
EDWARD J VAN HUIS, III
5665 NORTH MAIN
VIDOR, TX 77662 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy   $_____

Total                                    $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                        (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8.20.18
8:52A

*Jamie Smith*

JAMIE SMITH
DISTRICT CLERK

**BOND**

THE STATE OF TEXAS      §

                                     §

COUNTY OF JEFFERSON     §

Whereas, in Cause No. *B202272*, pending in the District Court

of Jefferson County, Texas, styled *JAYME BLACK WINFREE, INDIVIDUALLY AND AS*

*NEXT FRIEND FOR B. W., A MINOR CHILD V. TUBAL-CAIN INDUSTRIAL SERVICES,*

*INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. AND*

*EVERGREEN TANK SOLUTIONS,* the Honorable presiding Judge, did on the 20th day

of August, 2018, sign an Order granting a temporary restraining order against TUBAL-

CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC.,

TUBAL-CAIN INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS, and

requiring JAYME BLACK WINFREE, as Next Friend for B. W., a minor child, Petitioner,

to make, execute and file and injunction bond in the sum of $ 500.00,

payable to the adverse parties before issuance of the writ of injunction; therefore:

       Know all men by these presents, that the undersigned LANCE P. BRADLEY and

GLENN STEELE, each acting for and on behalf of the law firm of Bradley & Steele,

PLLC, and ALLEN PARKER of the Parker Law Firm, as Sureties, acknowledge ourselves

bound to pay $ 500.00 and will abide by the decision that may be

made in the aforesaid cause, and that we will pay all sums of money and costs that may be

adjudged against JAYME BLACK WINFREE, as Next Friend for B. W., a minor child, if

the temporary restraining order and temporary injunction issued on August 20th,

2018, in the aforesaid clause, enjoining TUBAL-CAIN INDUSTRIAL SERVICES, INC.,

TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. and

EVERGREEN TANK SOLUTIONS, shall be dissolved in whole or in part; except that the

surety will never be liable or indebted for an amount more than $ 500.00 _____ the

face amount of the bond.

WITNESS OUR HANDS __August 20th, 2018.__

LANCE P. BRADLEY
As Principal

ALLEN PARKER
The Parker Law Firm
As Surety

GLENN STEELE
Bradley & Steele, PLLC
As Surety

APPROVED: August 20th, 2018.

Jamie Smith

Clerk
District Court of Jefferson County, TX
_____ Judicial District

By: __Steven Munselle__
    Deputy



CITATION

C0202272---00017

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:    **TUBAL CAIN INDUSTRIES INC**
       **BY SERVING REGISTERD AGENT**
       **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX    77706**

DEFENDANT:

NOTICE:

        You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.   It bears cause number B-0202272 and is styled:

Plaintiff:

       **JAYME BLACK WINFREE**
VS.
       **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

        The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                **BRADLEY, LANCE P, Atty.**
                **3120 CENTRAL MALL DRIVE**
                **PORT ARTHUR, TX    77642 0**

        The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

        Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

                        JAMIE SMITH, DISTRICT CLERK
                        JEFFERSON COUNTY, TEXAS


                        BY          *Sherrye Kohler*                    Deputy

                        Sherrye



## RETURN OF SERVICE

B-0202272             60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
TUBAL CAIN INDUSTRIES INC
BY SERVING REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                                $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
                          (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ld # expiration of certification)

CITATION

FILED
DISTRICT CLERK OF
JEFFERSON CO, TEXAS
8/21/2018 2:07 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

## THE STATE OF TEXAS

### No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

### CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIAL SERIVCES INC**
      **BY SERVING REGISTERD AGENT**
      **EDWARD J VAN HUIS, III**

by serving at:
**5665 NORTH MAIN**
**VIDOR, TX    77662**

DEFENDANT:

NOTICE:

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018. It bears cause number B-0202272 and is styled:

                                                                                      Plaintiff:

       **JAYME BLACK WINFREE**
VS.
       **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

                                                                                      Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

              **BRADLEY, LANCE P, Atty.**
              **3120 CENTRAL MALL DRIVE**
              **PORT ARTHUR, TX   77642 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's APPLICATION (GENERAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

                              JAMIE SMITH, DISTRICT CLERK
                              JEFFERSON COUNTY, TEXAS

                              Sherrye Kohler

              BY                                                              Deputy

                        Sherrye



## RETURN OF SERVICE

B-0202272            60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**

TUBAL CAIN INDUSTRIAL SERIVCES INC

BY SERVING REGISTERD AGENT


VIDOR, TX 77662 0000

### OFFICER'S RETURN

Came to hand on the _20th_ day of _August_, 20 _18_, at _11:35_, o'clock _A_.m., and executed in _Orango_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| EDWARD J. VAN HUSS III | 8/21/18  8:02 AM | 5665 NORTH MAIN VIDOR TX 77662 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____
_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy   $_____

Total                       $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Rodney Charles Balsamo_, my date of birth is _Sept. 30  1960_, and my address is
(First, Middle, Last)
_2425 15th st Port Neches Texas 77651_.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Orange_, County, State of _Texas_, on the _21st_ day of _August 2018_.

_R Balsam_
Declarant/Authorized Process Server
_PSC 15768  June 30, 2020_
(Id # expiration of certification)



FILED
DISTRICT CLERK OF
JEFFERSON CO., TEXAS
8/21/2018 2:07 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

# THE STATE OF TEXAS

### No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **TUBAL CAIN INDUSTRIAL SERIVCES INC**
   **BY SERVING REGISTERED AGENT**
   **EDWARD J VAN HUIS, III**
   **5665 NORTH MAIN**
   **VIDOR, TX    77662 0000**

GREETING:

WHEREAS;
      WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

**JAYME BLACK WINFREE**

plaintiff and

**TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

      And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

      YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

      Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

                    JAMIE SMITH, DISTRICT CLERK
                    JEFFERSON COUNTY, TEXAS
                    BY:

                    *Sherrye Kohler*

                    Sherrye Deputy

## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN INDUSTRIAL SERIVCES INC
BY SERVING REGISTERED AGENT
EDWARD J VAN HUIS, III
5665 NORTH MAIN
VIDOR, TX 77662 0000

### OFFICER'S RETURN

Came to hand on the _20th_ day of _August_, 20 _18_, at _11:35_, o'clock _A_ .m., and executed in _ORANGE_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| EDWARD J. VAN HUIS III | 8/21/18  8:02 Am | 5665 North Main Vidor Texas 77662 |

And not executed as to the defendant(s),  _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy   $_____

Total                               $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Rodney Charles Baham_, my date of birth is _Sept. 30th 1960_ and my address is
                 (First, Middle, Last)
_2425 15th st  Port Neches TX 77651_.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _ORANGE_, County, State of _TEXAS_, on the _21st_ day of _August 2018_.

_Rod Baham_
Declarant/Authorized Process Server

_PSC 15768  June 30 2020_
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/21/2018 2:07 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

CITATION

## THE STATE OF TEXAS

### No. B-0202272

### JAYME BLACK WINFREE
### VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN MARINE SERVICES INC**
      **BY SERVING REGISTERD AGENT**
      **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX    77706**                                                          **DEFENDANT:**

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.   It bears cause number B-0202272 and is styled:

    **JAYME BLACK WINFREE**                                                          Plaintiff:

VS.

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**                              Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        **BRADLEY, LANCE P, Atty.**
        **3120 CENTRAL MALL DRIVE**
        **PORT ARTHUR, TX    77642 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's APPLICATION (GENERAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this 20th day of August, 2018.

        JAMIE SMITH, DISTRICT CLERK
        JEFFERSON COUNTY, TEXAS

        *Sherrye Kohler*

BY                                                                                          Deputy

Sherrye

## RETURN OF SERVICE

B-0202272                60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

ADDRESS FOR SERVICE:
TUBAL CAIN MARINE SERVICES INC
BY SERVING REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the 20ᵗʰ day of _August_ , 20_18_ , at _11:35_ , o'clock _A_ .m., and executed in _Jefferson_ , County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Scott E. Sheldon | 8/20/18   12:38 pm | 905 Orleans Bmt TRGS 77706 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____
_____

and the cause or failure to execute this process is:
_____
_____

and the information received as to the whereabouts of said defendant(s) being:
_____
_____

FEES:
Serving Petition and Copy  $_____
Total                                  $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Rodney Charles Barkin_ , my date of birth is _Sept. 30 1960_ , and my address is
(First, Middle, Last)
_2425 15 ᵗʰ Strad Port Neches TX 77651_.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Jefferson_ , County, State of _Texas_ , on the _20ᵗʰ_ day of _August 2018_.

_Rodney Balsano_
Declarant/Authorized Process Server

_PSC-15768   June 30ᵗʰ 2020_
(Id # expiration of certification)



FILED
DISTRICT CLERK OF
JEFFERSON COUNTY TEXAS
8/21/2018 2:07 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

# THE STATE OF TEXAS

No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **TUBAL CAIN MARINE SERVICES INC**
   **BY SERVING REGISTERED AGENT**
   **SCOTT E SHELDON**
   **905 ORLEANS**
   **BEAUMONT, TX    77706 0000**

GREETING:

WHEREAS;
   WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

   **JAYME BLACK WINFREE**

plaintiff and

   **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

   And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

   YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

   Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

                    JAMIE SMITH, DISTRICT CLERK
                    JEFFERSON COUNTY, TEXAS
                    BY:

                    Sherrye Kohler

                    Sherrye Deputy

## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT
JAYME BLACK WINFREE
TUBAL CAIN INDUSTRIAL SERVICES INC ET AL
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN MARINE SERVICES INC
BY SERVING REGISTERED AGENT
SCOTT E SHELDON
905 ORLEANS
BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the 20th day of August, 2018, at 11:35, o'clock A.m., and executed in
Jefferson, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following
times and places, to-wit:

| Name | Date/Time | | Place, Course and Distance from Courthouse |
|------|-----------|--|---------------------------------------------|
| Scott E, Sheldon | 8/20/18 | 12:38 p m | 905 Orleans Bmt TX 77706 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy   $_____
Total                       $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is Rodney Charles Balsamo my date of birth is Sept 30 1960, and my address is
2425 15th St Port Neches TX 77651.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in Jefferson, County, State of Texas, on the 20th day of August 2018.

_____
Declarant/Authorized Process Server
PSC-15168   June/30/2020
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON COUNTY TEXAS
8/21/2018 2:07 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

CITATION

# THE STATE OF TEXAS

## No.  B-0202272

### JAYME BLACK WINFREE
### VS.  TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIES INC**
      **BY SERVING REGISTERD AGENT**
      **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX   77706**
                                                                   **DEFENDANT:**

NOTICE:

        You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 20th day of August, 2018.   It bears cause number B-0202272 and is styled:

                                                                                        Plaintiff:

        **JAYME BLACK WINFREE**

VS.

        **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**                              Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                **BRADLEY, LANCE P, Atty.**
                **3120 CENTRAL MALL DRIVE**
                **PORT ARTHUR, TX  77642 0**

        The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED IS LETTER DESIGNATING ALL CASES EFILED  accompanying this citation and made a part thereof.

        Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of August, 2018.

                              JAMIE SMITH, DISTRICT CLERK
                              JEFFERSON COUNTY, TEXAS

                          *Sherrye Kohler*

             BY                                                Deputy

        Sherrye

## RETURN OF SERVICE

B-0202272                    60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20____ .

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN INDUSTRIES INC
BY SERVING REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the *20th* day of *August*, 20*18*, at *11:35*, o'clock *A* .m., and executed in *Jefferson*, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Scott E. Sheldon | 8/20/18   12:33 pm | 905 Orleans Bmt TX 77706 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

**FEES:**

Serving Petition and Copy   $_____

Total                          $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is *Rodney Charles Balsamo*, my date of birth is *Sept 30, 1960*, and my address is
     (First, Middle, Last)

*2425 15th st   Port Neches TX 77651*                                          .
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in *Jefferson*, County, State of *TEXAS*, on the *20th* day of *August 2018*.

*Rodney Balsamo*
Declarant/Authorized Process Server

*PSC-15168     June, 30 2020*
(Id # expiration of certification)



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/21/2018 2:07 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## WRIT OF TEMPORARY RESTRAINT

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: TUBAL CAIN INDUSTRIES INC
    BY SERVING REGISTERED AGENT
    SCOTT E SHELDON
    905 ORLEANS
    BEAUMONT, TX    77706 0000

GREETING:

WHEREAS;
        WINFREE, JAYME BLACK

filed their petition in the 60 th District Court of Jefferson County, Texas, in the 20th day of August A.D., 2018, in a suit numbered B-0202272 on the Docket of said Court, wherein

        JAYME BLACK WINFREE

plaintiff and

        TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

defendant for TEMPORARY RESTRAINT AND FOR OTHER RELIEF AS SOUGHT.

        And, Whereas, the Honorable JUSTIN SANDERSON, Judge has made upon said petition his order, JUDGE'S ORDER FULLY SET FORTH IN ACCOMPANYING CERTIFIED COPY OF COURT ORDER ENTERED August 20th, 2018 WHICH IS ATTACHED HERETO AND MADE A PART HEREOF.

        YOU ARE HEREBY COMMANDED TO OBEY SAID ATTACHED ORDER.

        Given under my hand and the seal of said court at office in Beaumont, Texas, this the 20th day of August A.D., 2018.

                        JAMIE SMITH, DISTRICT CLERK
                        JEFFERSON COUNTY, TEXAS
                        BY:

                        Sherrye Kohler

                Sherrye Deputy

## RETURN OF SERVICE

B-0202272                    60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN INDUSTRIES INC
BY SERVING REGISTERED AGENT
SCOTT E SHELDON
905 ORLEANS
BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the 20th day of August, 2018, at 11:35, o'clock A .m., and executed in
Jefferson, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Writ of Temporary Restraint at the following
times and places, to-wit:

| Name | Date/Time | | Place, Course and Distance from Courthouse |
|---|---|---|---|
| scott E. Sheldon | 8/20/18 | 12:38 p | 905 orleans Bmt Tx 77706 |

And not executed as to the defendant(s),                      _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                                    $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is Rodney Charles BABINU, my date of birth is Sept 30, 1960, and my address is
(First, Middle, Last)
2425 15 st Port Neches Tx 77651,
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in Jefferson, County, State of Texas, on the 20th day of August 2018.

Rodney Babin

Declarant/Authorized Process Server

PSC-15168   June 30th 2020

(Id # expiration of certification)

To: Mr. Aug. 29, 2018 12:28       Moore Landrey, LLP 018 13:36:28 CST                    14 No. 5810 FrcP. 2 nger Henderson

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/29/2018 3:06 PM
Lance P. Bradley SMITH
DISTRICT CLERK
B-202,272



August 27, 2018

Mr. Scott E. Sheldon
Moore Landrey, LLP,
Attorneys at Law
905 Orleans
Beaumont, TX 77701

Re:   Cause No. B-202,272 – *Jayme Black Winfree v. Tubal-Cain Industrial Services, Inc., et al*;
       In the 60th Judicial District Court of Jefferson County, Texas

Dear Scott:

This will confirm our agreement to pass the hearing scheduled for Friday (August 31, 2018) and
extend the deadlines contained in the TRO indefinitely until both OSHA and Plaintiff can conduct
thorough investigations of the tanker, equipment and premises involved in the incident. In the
event either party is desirous of rescheduling the hearing, such party will give the other party 10
days' notice of the rescheduled hearing. It is my understanding your client will continue to comply
with Judge Sanderson's order regarding the preservation of evidence while this Rule 11 is in place.

To confirm this agreement, I ask that you sign below and return this fax to me for filing with the
Court in accordance with Rule 11 of the Texas Rules of Civil Procedure.

Thank you for your kind consideration in this regard.

Sincerely,

Lance P. Bradley

LPB/gh

AGREED:

Scott E. Sheldon,
Attorney for Defendants

3120 Central Mall Drive | Port Arthur, Texas 77642
phone 409.724.6644   fax 409.724.7585 | toll-free 800.830.6785   bradlaw.net

Germer Fax Serve    8/29/2018 3:11:43 PM   PAGE    '002   Fax Server

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/29/2018 3:41 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

To: Ms. Karen Bennett    Page 2 of 2          29/08/2018 10:20:54 CST          14092933807

# BRADLEY STEELE

**Lance P. Bradley**
.bradley~ bradlawnet

Board Certified Personal Injury Trial Law

August 29, 2018

Ms. Karen Bennett
Germer, LLP
Attorneys at Law
550 Fannin, Suite 500
Beaumont, TX  77701

**Via Facsimile: (409) 835-2115**

Re:    Cause No. B-202,272 – *Jayme Black Winfree v. Tubal-Cain Industrial Services, Inc., et al*;
In the 60th Judicial District Court of Jefferson County, Texas

Dear Karen:

This will confirm our agreement to pass the hearing scheduled for Friday (August 31, 2018) and extend the deadlines contained in the TRO indefinitely until both OSHA and Plaintiff can conduct thorough investigations of the tanker, equipment and premises involved in the incident.  In the event either party is desirous of rescheduling the hearing, such party will give the other party 10 days' notice of the rescheduled hearing.  It is my understanding your client, Evergreen Tank Solutions, will continue to comply with Judge Sanderson's order regarding the preservation of evidence while this Rule 11 is in place.

To confirm this agreement, I ask that you sign below and return this fax to me for filing with the Court in accordance with Rule 11 of the Texas Rules of Civil Procedure.

Thank you for your kind consideration in this regard.

Sincerely,

Lance P. Bradley

LPB/gh

AGREED:

Karen Bennett,
Attorney for Defendant,
Evergreen Tank Solutions

3120 Central Mall Drive : Port Arthur, Texas 77642
phone 409.724.6644 | fax 409.724.7585 | toll-free 800.830.6785   bradlawnet

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/17/2018 9:46 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

No. B202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| v. | § | 60TH JUDICIAL DISTRICT |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Please take note that Karen Bennett, Esq., of the law firm **GERMER PLLC** is making an appearance as counsel for Defendant **EVERGREEN TANK SOLUTIONS, INC.** ("Evergreen") in the above-referenced matter. Please include Ms. Bennett in all future correspondence and mailing in this matter. Please copy Ms. Bennett on all pleadings, orders, and filings in this case.

Evergreen further represents that the parties to this matter have reached an agreement with respect to the preservation of evidence. An inspection of the incident-involved tanker was conducted on September 6, 2018. The parties are coordinating additional inspections of the tanker.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
Telephone: (409) 654-6700
Telecopier: (409) 835-2115

By:     */s/ Karen Bennett*
Karen Bennett
State Bar No. 21702640
krbennett@germer.com

**ATTORNEYS FOR
DEFENDANT EVERGREEN
TANK SOLUTIONS, INC.**

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all parties in this case, through their counsel of record, on this, the 17th day of September, 2018.

*/s/ Karen Bennett*
Karen Bennett

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/8/2018 7:37 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

NO. B-202,272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR B. W., A MINOR CHILD | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| TUBAL-CAIN INDUSTRIES, INC. | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## PLAINTIFF'S SUPPLEMENTAL PETITION FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now JAYME BLACK WINFREE, Individually and as Next Friend for B. W., a minor child, spouse and natural child, respectively, and heirs to the body of Decedent, TYLER WINFREE (hereinafter referred to as Plaintiff) and files this, Plaintiff's Supplemental Petition for Damages complaining of TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS (all hereinafter collectively referred to as Defendants) and, for cause of action, would show unto this Honorable Court as follows:

I.

Plaintiff/Petitioner previously filed an Application for Temporary Restraining Order and Temporary Injunction which was granted by the Honorable Court. Subsequently, Plaintiff and Defendants/Respondents entered into a Rule 11 Agreement extending all terms and conditions of the Temporary Restraining Order. This is a supplemental filing and the Application for Temporary Restraining Order, Temporary Injunction and Rule 11 Agreement referenced herein are incorporated by reference.

II.

Plaintiff is the surviving spouse of TYLER WINFREE, Deceased.  Plaintiff is the natural mother of B. W., a minor.  TYLER WINFREE, Deceased, was the natural father of B. W.  In addition, Plaintiff would show that she is currently expecting another child, who will be the natural child of TYLER WINFREE, Deceased.  All of the above are heirs of the body of Decedent, TYLER WINFREE.  To the extent that any of the TUBAL-CAIN Defendants are not the employer of Decedent, Plaintiff brings this action pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code.  Plaintiff brings this action as to EVERGREEN TANK SOLUTIONS pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code.

Plaintiff affirmatively pleads that discovery should be conducted in accordance with a tailored discovery control plan under Civil Procedure Rule 190.4.

Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.  Plaintiff seeks monetary relief over $1,000,000.

Plaintiff would show that the incident in question was brought about and caused to occur and/or was proximately caused by the negligence and/or gross negligence of Defendants.  Plaintiff hereby invokes the provisions of Section 71.004, et seq., said provisions covering wrongful death and survival claims.

Decedent's death resulted from Defendants' willful acts or omissions and/or Defendants' gross negligence, which entitles the heirs of Decedent's body to exemplary damages under Texas Constitution article 16, section 26.  This suit is brought against Decedent's employer pursuant to Texas Constitution article 16, section 26, and/or Chapter 71, Texas Civil Practice and Remedies Code.

2

III.

Plaintiff, JAYME BLACK WINFREE, resides in Orange County, Texas, as does the minor Plaintiff, B. W.  Decedent also was a resident of Orange County, Texas at the time of his death.

Defendant, TUBAL-CAIN INDUSTRIAL SERVICES, INC., is a domestic corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent:  Edward J. Van Huis, III, 5665 North Main, Vidor, TX 77662.

Defendant, TUBAL-CAIN MARINE SERVICES, INC., is a domestic corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent: Scott E. Sheldon, 905 Orleans, Beaumont, TX  77706.

Defendant, TUBAL-CAIN INDUSTRIES, INC, is a domestic corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent:  Scott E. Sheldon, 905 Orleans, Beaumont, TX  77706.

Defendant, EVERGREEN TANK SOLUTIONS, INC., is a foreign corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its Registered Agent:  Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX  78701.

IV.

Pursuant to Tex. R. Civ. P. 28, Plaintiff brings this suit against each of the owners and operators of the entities doing business under the assumed or common name of TUBAL-CAIN, as the employer and/or owner of the premises located at 8700 Old Yacht Club Road, Port Arthur, Jefferson County, Texas  77642, where Decedent was injured and killed on or about August 17, 2018.

3

V.

On or about August 17, 2018, TYLER WINFREE (hereinafter sometimes referred to as Decedent) was found in a tank owned by EVERGREEN TANK SOLUTIONS and located on premises owned and/or controlled by the TUBAL-CAIN Defendants.  Decedent was an employee of one, or more, of the TUBAL-CAIN entities.  When Decedent's body was recovered from the tank, he was already deceased.

One or more of the TUBAL-CAIN Defendants owned, operated and/or controlled the facility located at 8700 Old Yacht Club Road, Port Arthur, Jefferson County, Texas, as well as the equipment to be used by persons such as TYLER WINFREE.

VI.

Plaintiff would show that Decedent's death was a result of TUBAL-CAIN's negligence and gross negligence as the owner of the premises and the equipment used in connection therewith.  In particular, TUBAL-CAIN is guilty of negligence and/or gross negligence in the form of negligent acts and/or omissions and/or allowing negligent activities to take place with and/or on its property and/or through the use of dangerous equipment and/or instrumentalities. In addition, TUBAL-CAIN is liable for negligence and/or gross negligence in providing unreasonably dangerous and unsuitable equipment (and/or the failure to provide reasonable or suitable equipment) that was used or to be used in conjunction with the tanker cleanout process performed on its property.

Furthermore, and pleading in the affirmative, TUBAL-CAIN is liable for negligence and/or gross negligence in maintaining its premises in question in a negligent manner and in a condition that posed an unreasonable risk of harm, which it knew or should have known existed with respect to the equipment and tank involved in Decedent's injuries and death.

4

Plaintiff would show that Decedent's work with and around and Decedent's use of TUBAL-CAIN's unreasonably dangerous equipment was necessary in order for Decedent to accomplish his job and that TUBAL-CAIN knew or should reasonably have anticipated that Decedent and workers like Decedent would be unable to avoid the unreasonable risks associated therewith. Plaintiff further pleads and invokes the application of Restatement (Second) of Torts §§ 360 and 361.

### VII.

Plaintiff would show that TUBAL-CAIN is further liable for negligence and/or gross negligence in maintaining and/or allowing to exist upon its property unreasonably dangerous and unsuitable equipment and/or procedures, which were known by it to be, or in the exercise of ordinary care, should have been known by it to be, hazardous, unsafe and inadequate. Said inadequate equipment owned by TUBAL-CAIN independently and/or used in conjunction with others was a proximate cause of the injuries and resulting death of Decedent and of Plaintiff's damages set forth herein.

### VIII.

Pleading further in the alternative and without waiving the foregoing, Plaintiff would show that TUBAL-CAIN was the owner of the premises and the equipment used thereon and in control of the tank in question. Plaintiff would show that Decedent was an employee and/or invitee who was present and working upon TUBAL-CAIN's premises at the time and place of the occurrence.

Plaintiff would show that TUBAL-CAIN's premises and the equipment used in connection with Decedent's job duties were in such a dangerous condition that they posed an unreasonable risk of harm to persons and/or workers in the vicinity thereto during the use or

operation of same.  Plaintiff would show that TUBAL-CAIN knew or should have known of the dangers posed by said premises and instrumentalities affixed thereto as well as the tanker located on its premises and in its control.  Plaintiff would show that TUBAL-CAIN breached its duty of ordinary care to Decedent by failing to:

    a.    adequately warn Decedent of the condition and risks posed by said premises and/or equipment used in the performance of his job duties; and

    b.    make the condition reasonably safe as to Decedent engaged in tank washing operations.

Plaintiff would further show that TUBAL-CAIN's breach of its duties to Decedent as an owner of the premises and the unreasonably dangerous and unsuitable equipment used in connection with its operations was a proximate cause of Decedent's injuries and death, and Plaintiff's damages set forth herein.

## IX.

Plaintiff would show that TUBAL-CAIN, acting by and through its respective agents, tenants, managers, contractors, employees and/or vice principals, is liable to Plaintiff for its conduct, acts and/or omissions which amounts to negligence and gross neglect under Texas law, including, but not limited to the following:

    a.    Creating, maintaining, and/or otherwise allowing to exist and be used upon its premises, unreasonably dangerous, unsuitable, inadequate equipment, including but not limited to the respirator;

    b.    Failing to design out the hazards associated with the aforementioned equipment used upon its premises which TUBAL-CAIN knew and/or should have known about;

    c.    Failing to provide adequate equipment to guard against such hazards associated with the aforementioned tank washing process equipment;

    d.    Failing to warn TYLER WINFREE, Deceased, of known and/or reasonably foreseeable hazards and/or dangers on TUBAL-CAIN's premises and its equipment used in connection with the work performed there;

e.  Failing to repair known dangers and/or replace the respirator and/or other equipment on TUBAL-CAIN's premises;

f.  Failing to properly supervise Decedent;

g.  Failing to adequately train Decedent in the performance of his job duties;

h.  Failing to provide Decedent with proper and adequate personal protective equipment;

i.  Failure to properly train Decedent in the usage of proper personal protective equipment;

j.  Failure to provide enough personnel to safely allow Decedent to safely perform his job;

k.  Failure to adequately and properly warn Decedent as to the dangerous and deadly contents of the tanker in question;

l.  Failure to provide Decedent with the adequate and proper tools to safely carry out his job duties;

m.  Failing to reasonably inspect and/or monitor for dangers on TUBAL- CAIN's premises; and

n.  Failing to provide, maintain and create a safe work environment;

p.  Failing to properly supervise, train and/or instruct employees in the safe method to carry out the work;

q.  Failing to enforce and promulgate proper safety procedures;

r.  Failing to exercise reasonable care in the maintenance of a safe work environment;

t.  Failing to use proper technique, procedure, equipment and material;

u.  Failing to require employees to be in a safe position prior to commencement of the work; and

v.  Committing various other acts and/or omissions of negligence, gross negligence fault and strict liability, both statutory and common law, to be specified in detail at the time of trial.

TUBAL-CAIN's actions or inactions were performed knowingly or intentionally; or when viewed objectively from its standpoint at the time of the occurrence or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Decedent; and TUBAL-CAIN had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Decedent. Each and every such act and omission, singularly or in combination with others, constituted negligence and gross negligence that proximately caused the incident and the injuries that Decedent suffered and which resulted in his death.

X.

Plaintiff would show that EVERGREEN TANK SOLUSTIONS, actin by and though its respective agents, tenants, managers, contractors, employees and/or vice principles, is liable for its conduct, acts and/or omissions which amount to negligence and gross negligence under Texas law, including, but not limited to the following:

   a.   Failing to warn Decedent of the dangerous and deadly substance in its tanker trailer involved in the incident made the basis of this claim;

   b.   Failure to adequately label and place the appropriate placard on the tanker trailer in question in a manner that would have alerted Decedent to the dangerous and deadly contents of the tanker trailer in question;

   c.   Committing various other acts and/or omissions of negligence, gross negligence, fault and strict liability, both statutory and common law, to be specified in detail at time of trial.

EVERGREEN TANK SOLUTION's actions or inactions were performed knowingly or intentionally; or when viewed objectively from its standpoint at the time of the occurrence or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Decedent; and EVERGREEN TANK SOLUTIONS had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the

8

rights, safety and welfare of Decedent.  Each and every such act and omission, singularly or in combination with others, constituted negligence and gross negligence that proximately caused the incident and the injuries that Decedent suffered and which resulted in his death.

XI.

Plaintiff, Individually in her capacity as surviving spouse of Decedent, TYLER WINFREE, and in her capacity as Next Friend for B. W., a minor child, natural child and heir to the body of such Decedent, asserts claims against Defendants under the Texas Wrongful Death Act, Tex. Civ. Pract. & Rem. Code §71.001 et seq, as wrongful death beneficiaries, seeking recovery of the following past and future damages that were proximately caused by its negligence:

a.   mental anguish;

b.   loss of consortium;

c.   loss of parent/child relationship and consortium;

d.   loss of inheritance;

e.   loss of society;

f.   pecuniary losses;

g.   compensatory damages;

h.   loss of household services;

i.   punitive damages; and

j   such other damages as will be shown at trial.

As a direct and proximate result of Defendants' conduct set forth herein, TYLER WINFREE, deceased suffered horrific injuries and died.  As a result, Plaintiff has been made to suffer these wrongful death damages and other damages recoverable under the law.

2

XII.

As a result of the negligence, fault and/or strict liability of Defendants, TYLER WINFREE suffered injuries and damages, including, but not limited to the following:

    a.      a wrongful, tragic and untimely death;

    b.      conscious pain and suffering prior to death; and,

    c.      hedonic damages.

XIII.

Plaintiff seeks punitive damages in the amount sufficient to punish Defendants for their reckless, knowing and intentional conduct, bear reasonable relation to the actual damages suffered by Plaintiff, deter others from endangering the welfare of workers similarly situated as Decedent, and be appropriate in light of the net worth of Defendants.

As a result of the aforementioned gross negligence of Defendant TUBAL-CAIN, Plaintiff seeks claims for elements allowable under the law, including exemplary damages and seeks to recover from Defendant TUBAL-CAIN an amount in excess of the jurisdictional limits of this Court.

Further, Plaintiff seeks a claim for pre and post-judgment interest for all elements allowed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and that:

    1.      On final trial, Plaintiff be awarded actual damages and all other damages allowed by law;

    2.      On final trial, Plaintiff be awarded exemplary damages and all other damages allowed by law.

    3.      Plaintiff be awarded pre and post-judgment interest;

    4.      Plaintiff be awarded costs of suit; and

5.    Plaintiff be awarded such other and further relief to which she may be justly
      entitled.

                              Respectfully submitted,

                              BRADLEY & STEELE, PLLC
                              3120 Central Mall Drive
                              Port Arthur, TX 77642
                              Phone: (409) 724-6644
                              Fax: (409) 724-7585
                              E-Mail Address: lbradley@bradlaw.net
                              E-Mail Address: tpbrent@bradlaw.net

                      By:     _____
                              LANCE P. BRADLEY
                              State Bar No. 02826650
                              T. PHILLIP BRENT
                              State Bar No. 24031886


                              PARKER LAW FIRM
                              2300 Highway 365, Suite 330
                              Nederland, TX 77627
                              Phone: (409) 985-8814
                              Fax: (409) 985-2833

                      By:     _____
                              ALLEN PARKER
                              State Bar No. 00794422
                              aparker@theparkerlawfirm.com


                      ATTORNEYS FOR PLAINTIFF

11





FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/8/2018 7:37 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

**JAMIE SMITH**
**JEFFERSON COUNTY DISTRICT CLERK**
**1085 PEARL STREET, ROOM 203, BEAUMONT, TX 77701**

## REQUEST FOR PROCESS

All sections **must** be completed for processing this request.

**Section 1:**
Cause No. B 202 272                    Date 10/5/18
Style:
Jayme Black Winfree
VS
Tubal-Cain Industrial Services Inc, et al

**Section 2:**
Check Process Type:
☑ Citation    ☐ Precept to Serve / Notice of Hearing/Notice to Show Cause
☐ Temporary Restraining Order
☐ Application for Protective Order / Temporary (Ex Parte) Protective Order
☐ Notice of Registration of Foreign Judgment   ☐ Citation by Posting
☐ Writ of_____   ☐ Other_____
☐ Citation by Publication*- Newspaper: _____

☐ Check box if you would like the District Clerk's Office to make copies for your service. ($1.00 per page per pleading for copies for service)

**Section 3:**
Title of Document/Pleading to be attached for service:_____
Plaintiss's Supplemental Petition for Damages

Note: You must furnish one copy of the document/pleading for each party served.

**Section 4:** PARTIES TO BE SERVED (Please type or print):
1. Name: Tubal-Cain Industrial Services Inc.
   Address: c/o Edward J. Van Huis III
   565 N. Main
   City: Vidor   State: TX   Zip: 77662
2. Name: Tubal-Cain Marine Services Inc.
   Address: c/o Scott E. Sheldon
   905 Orleans
   City: Beaumont   State: TX   Zip: 77706



3. Name: _Tubal -Cain Industries Inc._

Address: _C/o Scott E. Sheldon_
_905 Orleans_

City: _Beaumont_        State: _TX_        Zip: _77006_

4. Name: _Evergreen Tank Solutions_

Address: _C/o Corporation Service Company, d/b/a CSC-Lawyers_
_211 East 7th St.; Ste. 620   Incorporating Service Co._

City: _Austin_        State: _TX_        Zip: _78701_

5. Name: _____

Address: _____

City: _____   State: _____   Zip: _____

---

Section 5

## Check Service Type:

- ☐ No Service
- ☐ Sheriff
- ☐ Constable Pct.
- ☐ Out of State
- ☐ Certified Mail

- ☐ Secretary of State
- ☐ Commissioner of Insurance
- ☐ Out of County
- ☑ Private Process    ☐ Other

---

Section 6 (ONLY if Section 7 does not apply)

**Attorney Name:** _Lance P. Bradley / Allen Parker_

**Address:** _3120 Central Mall Drive_
Street/P.O. Box

_Port Arthur_        _TX_        _77642_
City                  State        Zip

Attorney's Telephone No. _409 724 644_  Attorney's Bar No. _0282 6650_

---

Section 7 (ONLY if Section 6 does not apply)

**Pro-Se Name:** _____

Address: _____

_____   _____   _____
City              State            Zip

Telephone No. _____

---

Section 8

## Check Delivery Type:

☑ Hold for pick up    ☐ Mail to Attorney

C0202272---00029

CITATION

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

### CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIAL SERIVCES INC
BY SERVING ITS REGISTERED AGENT
EDWARD J VAN HUIS III**

by serving at:
**5665 N MAIN
VIDOR, TX   77662**

**DEFENDANT:**

NOTICE:

     You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.   It bears cause number B-0202272 and is styled:

Plaintiff:

    **JAYME BLACK WINFREE**

VS.

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

      **BRADLEY, LANCE P, Atty.
3120 CENTRAL MALL DRIVE
PORT ARTHUR, TX   77642 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

      JAMIE SMITH, DISTRICT CLERK
      JEFFERSON COUNTY, TEXAS

BY _Valencia Simpson_ Deputy

Valencia

## RETURN OF SERVICE

B-0202272              60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

                       _____, Officer

                       _____, County, Texas

             By: _____, Deputy

**ADDRESS FOR SERVICE**:

**TUBAL CAIN** INDUSTRIAL SERIVCES INC

BY SERVING ITS REGISTERED AGENT

VIDOR, TX 77662 0000

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____, o'clock ___.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy   $_____

Total                   $_____

                     _____, Officer

                     _____, County, Texas

             By: _____, Deputy

             _____

             Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____

           (First, Middle, Last)

_____

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

                     _____

                     Declarant/Authorized Process Server

                     _____

                     (Id # expiration of certification)

C0202272---00030

CITATION

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN MARINE SERVICES INC**
      **BY SERVING ITS REGISTERD AGENT**
      **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX    77706**                                                    **DEFENDANT:**

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.   It bears cause number B-0202272 and is styled:

                                                                        Plaintiff:

        **JAYME BLACK WINFREE**

VS.

        **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

                                                                            Defendant:

    The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                **BRADLEY, LANCE P, Atty.**
                **3120 CENTRAL MALL DRIVE**
                **PORT ARTHUR, TX    77642 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

                                  JAMIE SMITH, DISTRICT CLERK
                                  JEFFERSON COUNTY, TEXAS

                BY                                Deputy

    Valencia

## RETURN OF SERVICE

B-0202272                    60 th JUDICIAL DISTRICT COURT

**JAYME BLACK** WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
**TUBAL CAIN** MARINE SERVICES INC
**BY SERVING** ITS REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy   $_____

Total                       $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____

_____(First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

CITATION

C0202272---00031

# THE STATE OF TEXAS

### No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIES INC**
     **BY SERVING ITS REGISTERD AGENT**
     **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX   77706**

                                            **DEFENDANT:**

NOTICE:

      You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.   It bears cause number B-0202272 and is styled:

                                                Plaintiff:

           **JAYME BLACK WINFREE**

VS.

           **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

                                             Defendant:

      The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                **BRADLEY, LANCE P, Atty.**
                **3120 CENTRAL MALL DRIVE**
                **PORT ARTHUR, TX   77642 0**

      The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE  accompanying this citation and made a part thereof.

      Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

                                   JAMIE SMITH, DISTRICT CLERK
                                   JEFFERSON COUNTY, TEXAS

                       BY       *Valencia Simpson*     Deputy

      Valencia



## RETURN OF SERVICE

B-0202272                60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:

**TUBAL CAIN** INDUSTRIES INC

BY SERVING ITS REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
|      |           |                                             |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                      $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____

(First, Middle, Last)

_____

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

C0202272---00032

CITATION

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

### CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **EVERGREEN TANK SOLUTIONS**
     **BY SERVING ITS REGISTERD AGENT**
     **CORPORATION SERVICE COMPANY DBA CSC LAWYERS INC SVC COMPANY**

by serving at:
**211 EAST 7TH STREET**
**SUITE 620**
**AUSTIN, TX   78701**

DEFENDANT:

NOTICE:

     You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.  It bears cause number B-0202272 and is styled:

Plaintiff:

     **JAYME BLACK WINFREE**
VS.
     **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

     **BRADLEY, LANCE P, Atty.**
     **3120 CENTRAL MALL DRIVE**
     **PORT ARTHUR, TX   77642 0**

     The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

     Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

                 JAMIE SMITH, DISTRICT CLERK
                 JEFFERSON COUNTY, TEXAS

BY        *Valencia Simpson*     Deputy

Valencia



## RETURN OF SERVICE

B-0202272                    60 th JUDICIAL DISTRICT COURT

**JAYME BLACK** WINFREE

**TUBAL CAIN** INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
EVERGREEN TANK SOLUTIONS
BY SERVING ITS REGISTERD AGENT


AUSTIN, TX 78701 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

**FEES:**

Serving Petition and Copy   $_____

Total                                 $_____

_____, Officer

_____, County, Texas


By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____

_____.

(First, Middle, Last)

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

CITATION

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/15/2018 7:28 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

# THE STATE OF TEXAS

## No. B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIES INC
BY SERVING ITS REGISTERD AGENT
SCOTT E SHELDON**

by serving at:
**905 ORLEANS
BEAUMONT, TX    77706**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.  It bears cause number B-0202272 and is styled:

Plaintiff:

**JAYME BLACK WINFREE**

VS.

**TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**BRADLEY, LANCE P, Atty.
3120 CENTRAL MALL DRIVE
PORT ARTHUR, TX    77642 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY                                                    Deputy

Valencia



## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN INDUSTRIES INC
BY SERVING ITS REGISTERD AGENT

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _11th_ day of _October_, 20_18_, at _1:00pm_, o'clock _P_.m., and executed in _Jefferson_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| SCOTT E. SHELDON | 10/12/18   1040 Am | 905 Orleans Bmt TX 77706 |

And not executed as to the defendant(s),

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                              $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Rocky C. Baban_, my date of birth is _9/30/60_, and my address is
                    (First, Middle, Last)

_2425 15th st Port Neches TX 77651_
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Jefferson_, County, State of _Texas_, on the _12th_ day of _October_ _2018_.

_Rocky Baban_
Declarant/Authorized Process Server

_PSC# 15188  June 30 2020_
(Id # expiration of certification)



CITATION

FILED
DISTRICT CLERK OF
JEFFERSON COUNTY TEXAS
10/15/2018 7:20 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

# THE STATE OF TEXAS

## No.  B-0202272

## JAYME BLACK WINFREE
## VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

### CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN MARINE SERVICES INC**
      **BY SERVING ITS REGISTERD AGENT**
      **SCOTT E SHELDON**

by serving at:
**905 ORLEANS**
**BEAUMONT, TX    77706**

DEFENDANT:

NOTICE:

      You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.   It bears cause number B-0202272 and is styled:

    **JAYME BLACK WINFREE**

VS.

    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Plaintiff:

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

      **BRADLEY, LANCE P, Atty.**
      **3120 CENTRAL MALL DRIVE**
      **PORT ARTHUR, TX   77642 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

        JAMIE SMITH, DISTRICT CLERK
        JEFFERSON COUNTY, TEXAS

      BY           *Valencia Simpson*         Deputy

Valencia

## RETURN OF SERVICE

B-0202272                 60 th JUDICIAL DISTRICT COURT

JAYME BLACK WINFREE

TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN MARINE SERVICES INC
BY SERVING ITS REGISTERD AGENT


BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _11ᵗʰ_ day of _October_____, 20_18_, at _100 pm_____, o'clock _p_ .m., and executed in
_Jefferson_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| SCOTT E. SHELDON | 10/12/18    1040 Am | 905 ORLEANS Bmt TX 77706 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy  $_____

Total                                  $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _Rodney C. BALGANA_____, my date of birth is _9/30/60_____, and my address is
_2425 15.ᵗʰ st   Port Neches   TX   77651_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Jefferson_____, County, State of _Texas_, on the _12ᵗʰ_ day of _October 2018_.

_RfCBL_
Declarant/Authorized Process Server
_PSC # 15188    June30 2020_
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON COUNTY TEXAS
10/15/2018 7:20 AM ---00029
JAMIE SMITH
DISTRICT CLERK
B-202272

CITATION

# THE STATE OF TEXAS

## No. B-0202272

### JAYME BLACK WINFREE
### VS. TUBAL CAIN INDUSTRIAL SERVICES INC ET AL

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **TUBAL CAIN INDUSTRIAL SERIVCES INC**
      **BY SERVING ITS REGISTERED AGENT**
      **EDWARD J VAN HUIS III**

by serving at:
**5665 N MAIN**
**VIDOR, TX     77662**

DEFENDANT:

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 8th day of October, 2018.  It bears cause number B-0202272 and is styled:

Plaintiff:

    **JAYME BLACK WINFREE**
VS.
    **TUBAL CAIN INDUSTRIAL SERVICES INC ET AL**

Defendant:

    The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        **BRADLEY, LANCE P, Atty.**
        **3120 CENTRAL MALL DRIVE**
        **PORT ARTHUR, TX    77642 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ATTACHED LETTER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of October, 2018.

            JAMIE SMITH, DISTRICT CLERK
            JEFFERSON COUNTY, TEXAS


BY        *Valencia Simpson*       Deputy

    Valencia

## RETURN OF SERVICE

B-0202272          60 th JUDICIAL DISTRICT COURT
JAYME BLACK WINFREE
TUBAL CAIN INDUSTRIAL SERVICES INC ET AL
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
TUBAL CAIN INDUSTRIAL SERIVCES INC
BY SERVING ITS REGISTERED AGENT

VIDOR, TX 77662 0000                    **OFFICER'S RETURN**

Came to hand on the _11th_ day of _October_, 20_18_, at _1:00_, o'clock _P_.m., and executed in
_ORANGE_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| EDWARD J VAN HUIS III | 10/12/18  8:15 Am | 5665 N. MAIN VIDOR TEXAS 77662 |

And not executed as to the defendant(s),

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**
Serving Petition and Copy  $_____
Total                      $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _Rodney C. Baham_, my date of birth is _9/30/60_, and my address is
_2425 15th St. PORT Neches TX 77651_,
(First, Middle, Last)
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _ORANGE_, County, State of _TEXAS_, on the _12th_ day of _October 2018_

_RC Baham_
Declarant/Authorized Process Server
PSC# 15-189  June 30, 2020
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/24/2018 6:53 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

**CAUSE NO. B-202,272**

| | | |
|---|---|---|
| JAYME BLACK WINFREE | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR B. W., A MINOR CHILD | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| TUBAL-CAIN INDUSTRIES, INC. | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## DEFENDANT, TUBAL-CAIN INDUSTRIES, INC.'S
## ORIGINAL ANSWER AND REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TUBAL-CAIN INDUSTRIES, INC., a Defendant in the above-entitled and numbered cause, and files its Original Answer, respectfully showing unto the Court as follows:

### I.

Defendant generally denies the allegations of the petition and thus asserts the privilege of having such allegations proved by a preponderance of the evidence. Defendant will amend this answer as necessary.

### II.

Defendant, TUBAL-CAIN INDUSTRIES, INC., hereby requests a trial by jury. The applicable jury fee has been tendered to the clerk of the court.

WHEREFORE, PREMISES CONSIDERED, Defendant, TUBAL-CAIN INDUSTRIES, INC., prays that, upon final hearing hereof, Plaintiff not recover as prayed for in Plaintiff's Original Petition, and for such other and further relief, at law or in equity, as Defendant, TUBAL-CAIN INDUSTRIES, INC., may show itself justly entitled to receive.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By:_____

Robert L. Ramey
State Bar No. 16498200
750 Bering, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064
Email:  rlr@ramey-chandler.com
Eservice:  rcqz-eservice@ramey-chandler.com
**ATTORNEYS FOR DEFENDANT,
TUBAL-CAIN INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all opposing counsel, in accordance with the rules, on the ___24___ day of ___Oct___, 2018.

_____

Robert L. Ramey

2

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/2/2018 3:42 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

CAUSE NO. B-202,272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend for B.W., A Minor | § | |
| Child | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## THE ORIGINAL ANSWER OF TUBAL-CAIN INDUSTRIAL SERVICES, INC. AND TUBAL-CAIN MARINE SERVICES, INC. TO THE PLAINTIFF'S SUPPLEMENTAL PETITION FOR DAMAGES

The Defendants, Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc. (hereinafter "Defendants"), with express reservation and without waiver of any rights to compel arbitration, answer the Plaintiff's Supplemental Petition for Damages as follows:

### General Denial

1.      Under Tex. R. Civ. P. 92, all the Defendants plead a general denial of all the allegations in the Plaintiff's Supplemental Petition for Damages.

### Affirmative and Other Defenses

2.      All of the Plaintiffs' claims against the Defendants are subject to an arbitration agreement, and the Defendants request that the Court abate the claims against the Defendants in this lawsuit and compel the parties to arbitration.

1



3.      All or part of the Plaintiffs' claims against the Defendants are barred because the acts or omissions of the decedent, Tyler Winfree, caused or contributed to the decedent's injury.

4.      All or part of the Plaintiffs' claims are barred by the exclusive-remedy provision of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. Section 905(a), or the Texas Workers' Compensation Act ("TWCA"), Tex. Labor Code Ann. Section 408.001.

5.      Although the Defendants deny that the Plaintiffs are entitled to any recovery of punitive or exemplary damages, the Plaintiffs' claims for punitive and exemplary damages are controlled and limited (or capped) by the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code, including Section 41.008.

6.      Although the Defendants deny that the Plaintiffs are entitled to any recovery of punitive or exemplary damages, the Plaintiffs' claims for punitive and exemplary damages are limited (or capped) by the due process clauses of the United States Constitution and the Texas Constitution.

7.      Although the Defendants deny that the Plaintiffs are entitled to any recovery of punitive or exemplary damages, the Defendants plead mitigation of any exemplary or punitive damages.

## **Prayer**

In view of the foregoing, the Defendants pray that this Court abate the Plaintiffs' claims against the Defendants and compel arbitration of those claims.  If the Court declines to compel arbitration, the Defendants pray that the Plaintiffs take nothing

against the Defendants, that costs of court be awarded against the Plaintiffs, and that the

Court award the Defendants such other and further relief to which they may be entitled.

Respectfully submitted,

BROWN SIMS

By: */s/ Allen D. Hemphill*
  Allen D. Hemphill
  Texas Bar No. 00796740
  Michael A. Varner
  Texas Bar No. 20499425
  1177 West Loop South, Tenth Floor
  Houston, Texas 77027
  Tel:  (713) 629-1580
  Fax:  (713) 629-5027
  ahemphill@brownsims.com
  mvarner@brownsims.com

**ATTORNEYS FOR DEFENDANTS**
**TUBAL-CAIN INDUSTRIAL SERVICES,**
**INC. AND TUBAL-CAIN MARINE**
**SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Original Answer has been served upon the following counsel *via* e-file.  If any counsel is not a user of the e-file system, then this document has been served *via* certified mail, return receipt requested, on this 2nd day of November, 2018.

Lance Bradley
T. Phillip Brent
BRADLEY & STEELE, PLLC
3120 Central Mall Drive
Port Arthur, TX 77642
*Counsel for Plaintiffs*

<u>AND</u>

Allen Parker
PARKER LAW FIRM
2300 Highway 365, Suite 330
Nederland, TX 77627
*Counsel for Plaintiffs*

Robert L. Ramey
RAMEY, CHANDLER, QUINN & ZITO, P.C.
750 Bering, Suite 600
Houston, TX 77057
*Counsel for Defendant Tubal-Cain Industries, Inc.*

Karen R. Bennett
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX 77701
*Counsel for Defendant Evergreen Tank Solutions*



*/s/ Allen D. Hemphill*
Allen D. Hemphill

4

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/5/2018 10:49 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

No. B202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| v. | § | |
| | § | 60TH JUDICIAL DISTRICT |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL PETITION FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EVERGREEN TANK SOLUTIONS, INC.** ("Evergreen"), Defendant in the above-captioned matter, and files its Original Answer to Plaintiff's Supplemental Petition for Damages and all subsequent amendments made by Plaintiff thereto.  Evergreen states:

### I.

Evergreen asserts a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure and denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein.  Evergreen respectfully demands that this Court require Plaintiff to provide strict proof of each and every element of the causes of action asserted against Evergreen as required by the laws and Constitution of the State of Texas for persons who bring suit.

### II.

Evergreen would further show, by way of affirmative defense, and without waiver of the foregoing, that the Petition fails to state a claim against Evergreen on which relief can be granted.

1

**III.**

Evergreen would further show, by way of affirmative defense, and without waiver of the foregoing, that Plaintiff's decedent's own negligent and/or intentional acts were the sole and/or a proximate producing cause of any injuries or damages suffered by the decedent and Plaintiff.

**IV.**

Evergreen would further show, by way of affirmative defense, and without waiver of the foregoing, that any alleged injury or damage suffered by Plaintiff (which is denied) was caused by conduct, acts, or omissions of third parties over whom Evergreen had no control or right of control.

**V.**

Evergreen would further show, by way of affirmative defense, and without waiver of the foregoing, that Evergreen was only the owner and lessor of the subject tank and that it had leased the subject tank—empty—to a third-party before the alleged incident.   The tank was not in Evergreen's possession, custody, or control at the time of the alleged incident or for the more than three-month period before the alleged incident.   Evergreen did not put any materials (hazardous, toxic, or otherwise) in the tank before the alleged incident.   Evergreen did not transport the tank with any materials (hazardous, toxic, or otherwise) in it.   Evergreen did not own or control the premises where the alleged incident occurred, nor was any Evergreen employee or agent on-site when the alleged incident occurred.   Evergreen did not provide the subject tank directly to the decedent or the decedent's employer.   Evergreen was not the decedent's employer at any time.

**VI.**

Evergreen would further show, by way of affirmative defense, and without waiver of the foregoing, that Evergreen owed no legal duty to Plaintiff, the decedent, or any party to make warnings regarding the tank, nor did it owe any legal duty to affix placards or labels to the tank.

## VII.

Evergreen expressly denies that Plaintiff is entitled to recovery of punitive/exemplary damages in this matter.  Plaintiff's claim for such damages has no basis in law and no basis in fact. Plaintiff has alleged no facts that could support any cause of action against Evergreen, let alone one for punitive damages.  There is no legally viable cause of action for punitive damages here.

## VIII.

While punitive damages have not been sufficiently pled and would not be warranted or recoverable, Evergreen further alleges, by way of affirmative defense, and without waiver of the foregoing, that any recovery of exemplary or punitive damages herein (which Evergreen disputes) is subject to Civil Practice & Remedies Code § 41.008 (Limitation on Amount of Recovery).

## IX.

Evergreen further alleges, without waiver of the foregoing, that any award of exemplary or punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

1.  Such punitive damages are intended to punish and deter Defendant and thus this proceeding becomes essentially criminal in nature;

2.  The Defendant is being compelled to be witnesses against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

3.  Intervenor's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendant's right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendants under Article 1, Section 19 of the Texas Constitution; and

4.  Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiff's Petition purporting to invoke such

3

statutory and/or common law theory/theories is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

## X.

Evergreen denies that Plaintiff is entitled to any recovery.  However, to the extent any recovery is had by Plaintiff, such recoveries (if any) must be offset by any amounts received from joint tortfeasors or other Defendants.  In the unlikely event Evergreen is found liable for any portion of Plaintiff's damages, if any, Evergreen is entitled to indemnity and/or contribution from each of the other Defendants and a percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the Civil Practice & Remedies Code, the doctrine of comparative fault, and any other applicable law.  Further, Evergreen prays for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claims made in the subject action by Plaintiff.

## XI.

Evergreen further alleges, by way of affirmative defense, and without waiver of the foregoing, that any and all of Plaintiff's claims against Evergreen are barred by the Graves Amendment, 49 U.S.C. § 30106, and by Chapter 82 of the Texas Civil Practice & Remedies Code.

## XII.

Evergreen further alleges, by way of affirmative defense, and without waiver of the foregoing, that the claims for pre- and post-judgment interest asserted by Plaintiff in the Petition are limited by the dates and amounts set forth in the Texas Finance Code, Chapter 304.

## XIII.

Evergreen affirmatively pleads that the complaints, injuries, and/or damages asserted by Plaintiff against Evergreen were not caused by any act or omission on the part of Evergreen.

## XIV.

Evergreen further alleges, by way of affirmative defense, and without waiver of the foregoing, that it was not the manufacturer of the subject tank and did not owe any duty to warn about proper use of the tank.  Evergreen was only the owner and lessor of the subject tank.

## XV.

Evergreen reserves the right at this time to amend this Original Answer to Plaintiff's allegations after Evergreen is afforded further opportunity to investigate the claims Plaintiff states as is the right and privilege of Evergreen under the Rules of Civil Procedure and the laws of the State of Texas.  Evergreen further reserves the right to assert other defenses in this cause by way of amended or supplemental Answers as it may deem or as may become necessary.  In addition, Evergreen reserves the right to rely upon or employ any defense asserted by any other Defendant currently or to be named in this action, any defense allowed under the Texas Rules and Texas law, and any defense that becomes apparent as this case develops through discovery and at trial. Evergreen incorporates by reference defenses raised by all Defendants ever named in this case.

## XVI.

Evergreen respectfully requests a trial by jury.  The jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, **EVERGREEN TANK SOLUTIONS, INC.** respectfully prays that Plaintiff take nothing by way of all claims and causes of action asserted against it, that Evergreen recover its costs of court expended in the defense of this matter and for all other relief, both general and special, at law and in equity, to which Evergreen is entitled.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
Telephone: (409) 654-6700
Telecopier: (409) 835-2115

By:    */s/ Karen Bennett*
       Karen Bennett
       State Bar No. 21702640
       krbennett@germer.com

**ATTORNEYS FOR
DEFENDANT EVERGREEN
TANK SOLUTIONS, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all parties in this case, through their counsel of record, on this, the 5th day of November, 2018.

                                   */s/ Karen Bennett*
                                   Karen Bennett

6



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/6/2018 2:27 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

No. B202272

| | | |
|---|---|---|
| **JAYME BLACK WINFREE,** | § | |
| | § | |
| **Plaintiff,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| v. | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **TUBAL-CAIN INDUSTRIAL** | § | **60TH JUDICIAL DISTRICT** |
| **SERVICES, INC.** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF WRITTEN DISCOVERY

I certify that on the 6th day of November, 2018, Defendant **EVERGREEN SOLUTIONS, INC.**, served the following discovery requests on Plaintiff, **JAYME BLACK WINFREE**, by and through her attorneys of record, Lance P. Bradley and T. Phillip Brent, BRADLEY & STEELE, PLLC, 3120 Central Mall Drive, Port Arthur, Texas 77642 and Allen Parker, PARKER LAW FIRM, 2300 Highway 365, Suite 330, Nederland, Texas 77627; Defendant, **TUBAL-CAIN INDUSTRIS, INC.**, by and through their attorneys of record, Robert L. Ramey, RAMEY, CHANDLER, QUINN & Zito, P.C., 750 Bering, Suite 600, Houston, Texas 77057; and Defendants, **TUBAL-CAIN INDUSTRIAL SERVICES, INC. and TOBAL-CAIN MARINE SERVICES, INC.**, by and through their attorneys of record, Allen D. Hemphill and Michael A. Varner, BROWN SIMS, 1177 West Loop South, 10th Floor, Houston, Texas 77027:

- **DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S REQUEST FOR DISCLOSURE TO PLAINTIFF JAYME BLACK WINFREE;**
- **DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S REQUEST FOR DISCLOSURE TO DEFENDANT TUBAL-CAIN INDUSTRIES, INC.;**
- **DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S REQUEST FOR DISCLOSURE TO DEFENDANTS TUBAL-CAIN INDUSTRIAL SERVICES, INC. AND TUBAL-CAIN MARINE SERVICES, INC.**

1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/6/2018 2:18 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

NO. B-202,272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, INDIVIDUALLY AND AS NEXT FRIEND FOR B. W., A MINOR CHILD | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | |
| TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIES, INC. and EVERGREEN TANK SOLUTIONS | § § § § § § | JEFFERSON COUNTY, TEXAS |
| | | 60TH JUDICIAL DISTRICT |

## PLAINTIFF'S NOTICE OF NON-SUIT WITHOUT PREJUDICE AGAINST DEFENDANT, TUBAL-CAIN INDUSTRIES, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

JAYME BLACK WINFREE, Individually and as Next Friend for B. W., a minor child, Plaintiff in the above styled and numbered cause, gives written notice of her nonsuit without prejudice on all claims against Defendant, TUBAL-CAIN INDUSTRIES, INC.

Please be advised that, pursuant to Rule 162 of the Texas Rules of Civil procedure, Plaintiff hereby takes a non-suit without prejudice of her claim against Defendant, TUBAL-CAIN INDUSTRIES, INC., in this cause.

Plaintiff asks the Court to sign an order of nonsuit without prejudice on all of her claims against Defendant, TUBAL-CAIN INDUSTRIES, INC., and that the Court assess all costs of court to be taxed against the party incurring the same.

Plaintiff requests a dismissal without prejudice.

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/7/2018 8:57 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

NO. B-202,272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR B. W., A MINOR CHILD | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| TUBAL-CAIN INDUSTRIES, INC. | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## ORDER OF NON-SUIT WITHOUT PREJUDICE AS TO PLAINTIFF'S CLAIMS AGAINST DEFENDANT, TUBAL-CAIN INDUSTRIES, INC.

On this day came on to be heard the Notice of Non-Suit Without Prejudice of Plaintiff, JAYME BLACK WINFREE, Individually and as Next Friend for B. W., a minor child, as to her claims against Defendant, TUBAL-CAIN INDUSTRIES, INC. The Court finds that said Notice is in good order.

It is, therefore, ORDERED, ADJUDGED and DECREED that all causes of action of Plaintiff against Defendant, TUBAL-CAIN INDUSTRIES, INC., be and the same are hereby dismissed without prejudice.

It is further ORDERED, ADJUDGED and DECREED that all costs of court are to be taxed against the party incurring the same.

Signed this __7th__ day of __December__, 2018.

_____

JUDGE PRESIDING

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/14/2018 4:26 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

CAUSE NO. B-202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, Individually And As Next Friend for B.W., A Minor Child | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | JEFFERSON COUNTY, TEXAS |
| TUBAL-CAIN INDUSTRIAL SERVICES, INC., ET AL | § § | 60TH JUDICIAL DISTRICT |

---

## NOTICE OF ORAL HEARING

---

Please take notice that Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc.'s Motion to Compel Arbitration is set for oral hearing with the Court on **Friday, December 21, 2018 at 9:00 a.m.**

Respectfully submitted,

**BROWN SIMS, P.C.**

By: _____

Allen D. Hemphill
Attorney-in-Charge
Texas Bar No. 00796740
Michael A. Varner
Texas Bar No. 20499425
Austen T. Gunnels
Texas Bar No. 24107591
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel:  (713) 629-1580
Fax:  (713) 629-5027
ahemphill@brownsims.com
mvarner@brownsims.com
agunnels@brownsims.com

**ATTORNEYS FOR DEFENDANTS TUBAL-CAIN INDUSTRIAL SERVICES, INC. AND TUBAL-CAIN MARINE SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Hearing has been served upon the following counsel *via* e-file.  If any counsel is not a user of the e-file system, then this document has been served *via* certified mail, return receipt requested, on this 14th day of December 2018.

Lance Bradley
T. Phillip Brent
BRADLEY & STEELE, PLLC
3120 Central Mall Drive
Port Arthur, TX 77642
*Counsel for Plaintiffs*

Allen Parker
PARKER LAW FIRM
2300 Highway 365, Suite 330
Nederland, TX 77627
*Counsel for Plaintiffs*

Karen R. Bennett
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX 77701
*Counsel for Defendant Evergreen Tank Solutions*

Michael A. Varner

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/14/2018 4:14 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

CAUSE NO. B-202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, Individually And As Next Friend for B.W., A Minor Child | § § § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL SERVICES, INC., ET AL | § § | 60TH JUDICIAL DISTRICT |

**TUBAL-CAIN INDUSTRIAL SERVICES, INC. AND TUBAL-CAIN MARINE SERVICES, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS**

TO THE HONORABLE JUDGE:

The Defendants Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc. (hereinafter "Tubal-Cain") file this Motion to Compel Arbitration of Plaintiff's Claims, and in support thereof, would show the Court the following:

## I.
### BACKGROUND

Plaintiff is the surviving wife, estate representative, and next friend of B.W., her minor son with Decedent.[1] Plaintiff filed the present action on October 8, 2018 in the 60th Judicial District Court of Jefferson County, Texas.[2] Plaintiff alleges that Tubal-Cain committed various acts and omissions which constituted negligence, gross negligence, and premises liability proximately causing Decedent's death on August 17, 2018.[3]

On July 10, 2017, Decedent and Tubal-Cain entered into an Arbitration and Alternative Dispute Resolution Agreement (Agreement) to resolve all disputes related to

---

[1] *See* Plaintiff's Supplemental Petition for Damages, at p.1, ¶ 1.

[2] *Id.*

[3] *Id.* at p. 2, ¶¶ 4-5.



Decedent's employment by binding arbitration pursuant to the Federal Arbitration Act.[4] Such disputes were agreed to encompass statutory and common-law claims sounding in state law or federal law, including but not limited to, negligence, gross negligence, personal injury, claims arising from work-related injuries or conditions or activities, and claims of an unsafe workplace.[5] Additionally, the Agreement provides that "[t]his Agreement to resolve claims by arbitration is mutually binding upon me and the Company, and it is also agreed that this Agreement binds and benefits the parties' successors, subsidiaries, affiliates, assigns, beneficiaries, heirs, children, spouses, parents, and legal representatives."[6]

Despite the clear terms of the arbitration agreement, Plaintiff filed the present lawsuit for negligence, gross negligence, and premises liability against Tubal-Cain in Jefferson County District Court.

## II.
### ARGUMENTS AND AUTHORITIES

### A.    Standards for Arbitration

Arbitration is strongly favored by both Federal law and Texas law.[7] Agreements to arbitrate are valid and enforceable under the Federal Arbitration Act (FAA). 9 U.S.C. § 2. And Texas courts have the power to compel arbitration under the FAA.[8]

---

[4] *See* Exhibit A, Arbitration and Alternative Dispute Resolution Agreement, at p. 12, ¶ 4; p. 14, ¶ 5.

[5] *Id.* at p. 14, ¶ 2.

[6] *Id.*

[7] *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) ("Federal and state law strongly favor arbitration."); *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995); *Pepe Int'l Dev. Co. v. Pub. Brewing Co.*, 915 S.W.2d 925, 929-30 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("there is a strong presumption in Texas public policy favoring arbitration").

[8] *USX Corp. v. West*, 781 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding).

To compel arbitration, a court need only consider: (1) whether a valid arbitration agreement exists; and (2) whether the parties' dispute falls within the scope of the agreement.[9] If the court determines that both of these factors are met, then it "has no discretion but to compel arbitration and stay its proceedings pending arbitration."[10] Further, courts must resolve all "doubts about an agreement to arbitrate in favor of arbitration."[11]

## B.    The Court Should Compel Arbitration and Stay the Proceedings

### 1.    The Arbitration Agreement is Valid

The validity of an arbitration agreement is governed by ordinary principles of state contract law.[12] In the present case, Decedent and Tubal-Cain entered into a mutual agreement to arbitrate any disputes involving "Tubal-Cain Industrial Services . . . or one of its affiliates . . . during or after my employment with the Company."[13] The Agreement further states that:

> I acknowledge and understand that by signing this agreement, I am giving up the right to a jury trial on all claims covered by this Agreement . . . This Agreement to resolve claims by arbitration is mutually binding upon both me and the Company, and it is also agreed that this Agreement binds and benefits the parties' successors, subsidiaries, affiliates, assigns, beneficiaries, heirs, children, spouses, parents, and legal representatives. I understand that the purpose of this Agreement is to provide both the Company and myself a way in which all covered claims or disputes may be resolved by binding arbitration, rather than litigation.[14]

---

[9] *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013).

[10] *Cantella*, 924 S.W.2d at 944 (*quoting Shearson Lehman Bros., Inc. v. Kilgore*, 871 S.W.2d 925, 928 (Tex. App.—Corpus Christi 1994, orig. proceeding)).

[11] *Id.*

[12] *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 738.

[13] Exhibit A, p. 12, ¶ 1.

[14] *Id.* at p. 12, ¶¶ 3-4.

3

The term "Company" is defined in the Agreement as "Tubal-Cain Industrial Services, Inc."[15] Tubal-Cain Marine Services Inc. is an affiliate of Tubal-Cain Industrial Services, Inc.[16] The Agreement also extends to "... any other corporate entity or partnership in which Tubal-Cain Industrial Services, Inc. or Edward John Van Huis, III has an ownership interest in or a controlling interest."[17] Edward John Van Huis, III has an ownership interest in both Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc.[18] Moreover, the mutuality of the Agreement provides adequate consideration under the basic tenets of state contract law, and Texas courts have expressly held that arbitration agreements like the one in the case at bar are supported by consideration and are valid and enforceable.[19]

### 2.   Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement

The terms of the Arbitration Agreement are broad.  The Agreement provides: "I agree to arbitrate any and all such employment-related disputes between the Company and affiliate entities and myself."[20] The term "employment-related dispute" is explicitly defined in the Agreement as:

> all disputes, including statutory and common law claims, whether under state, federal, or local law, including, but not limited to . . . negligence, gross negligence . . . personal injury, claims arising from work-related

---

[15] *Id.* at p. 12, ¶ 1.

[16] Exhibit B, Affidavit of David C. Agnew; *see Eckland Consultants, Inc. v. Ryder, Stilwell, Inc.*, 176 S.W.3d 80, 88 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (where the term affiliate was not defined in the contract, the Court held that the ordinary meaning of the term meant "a company effectively controlled by another company or associated with others under common ownership or control").

[17] Exhibit A, p. 16, ¶ 4.

[18] Exhibit B, p. 1, ¶ 6.

[19] *See In re Jebbia*, 26 S.W.3d 753, 758 (Tex. App. – Houston [14th Dist.] 2000, orig. proceeding); *In re Halliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002).

[20] Exhibit A, p. 13, ¶ 5.

4

injuries or conditions or activities, claims of an unsafe workplace . . . or any other claimed violations of statutes or common law relating to the employment.[21]

As Decedent and Tubal-Cain consented to a binding arbitration agreement encompassing any work-related disputes, Tubal-Cain is entitled to a strong presumption that Plaintiff's claims are subject to arbitration.[22] The presumption requires that the courts give deference to coverage when interpreting the scope of an arbitration agreement.[23]

In this case, Plaintiff alleges that Tubal-Cain's purported negligence, gross negligence, and premises defect were proximate causes of Decedent's personal injuries and death.[24] The arbitration agreement expressly covers claims for negligence, gross negligence, and premises defect.[25] Therefore, Plaintiff's claims fall squarely within the scope of the Agreement and are subject to mandatory arbitration.

## III.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Tubal-Cain requests that Plaintiff be ordered to submit all her claims against Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc. to binding arbitration according to the terms of the Agreement. Tubal-Cain also requests a stay of litigation pending the outcome of the arbitration. If a valid arbitration agreement exists, a stay of litigation is mandatory. *See*

---

[21] *Id.* at p. 14, ¶ 2.

[22] *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011).

[23] *See id.*; *see also United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 (1960).

[24] Plaintiff's Supplemental Petition for Damages, p. 2, ¶¶ 4-5.

[25] Exhibit A, p. 14, ¶ 2.

9 U.S.C. § 3 ("if a suit is referable to arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

Respectfully submitted,

**BROWN SIMS**

By: 

Allen D. Hemphill
Attorney-in-Charge
Texas Bar No. 00796740
Michael A. Varner
Texas Bar No. 20499425
Austen T. Gunnels
Texas Bar No. 24107591
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
ahemphill@brownsims.com
mvarner@brownsims.com
agunnels@brownsims.com

**ATTORNEYS FOR DEFENDANTS TUBAL-CAIN INDUSTRIAL SERVICES, INC. AND TUBAL-CAIN MARINE SERVICES, INC.**

6



## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Tubal-Cain conferred with Plaintiffs counsel regarding this motion. Plaintiffs' counsel indicated that they are opposed. Counsel for Tubal-Cain also conferred with counsel for Defendant Evergreen Tank Solutions, Inc. on December 11, 2018 and December 13, 2018 regarding this motion, but were unable to ascertain her position. Tubal-Cain assumes Evergreen is opposed to this motion.

Michael A. Varner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel Arbitration has been served upon the following counsel *via* e-file.  If any counsel is not a user of the e-file system, then this document has been served *via* certified mail, return receipt requested, on this 14th day of December 2018.

Lance Bradley
T. Phillip Brent
BRADLEY & STEELE, PLLC
3120 Central Mall Drive
Port Arthur, TX 77642
*Counsel for Plaintiffs*

Allen Parker
PARKER LAW FIRM
2300 Highway 365, Suite 330
Nederland, TX 77627
*Counsel for Plaintiffs*

Karen R. Bennett
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX 77701
*Counsel for Defendant Evergreen Tank Solutions*

Michael A. Varner

8

# EXHIBIT A

CAUSE NO. B-202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend for B.W., A Minor | § | |
| Child | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., TUBAL | § | |
| INDUSTRIES, INC., and | § | |
| EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## AFFIDAVIT OF PATRICIA THUL

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| JEFFERSON COUNTY | § |

BEFORE ME, the undersigned authority, on this day personally appeared Patricia Thul, who, being by me first duly sworn upon her oath, did depose and state as follows:

1.     My name is Patricia Thul.  I am over twenty-one (21) years of age, am of sound mind, and am otherwise authorized and competent to testify as to every statement contained in this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are all true and correct.

2.     I am the Benefits and Payroll Manager for Tubal-Cain Holdings, LLC, and have worked in this capacity for approximately 6 years.

3.     In that capacity as the Benefits and Payroll Manager, I am often directly involved in the hiring of new employees for Tubal-Cain Industrial Services, Inc. As part of this process, all new employees are required to complete a "New Hire Packet," which includes an Alternative Dispute Resolution agreement.

4.     The Alternate Dispute Resolution agreement attached hereto is a true and correct copy of the agreement executed by Tyler Winfree on July 10, 2017.

Patricia Thul

STATE OF TEXAS                          §
                                        §
JEFFERSON COUNTY                        §

BEFORE ME, the undersigned notary public, on this day personally appeared Patricia Thul, who, being by me duly sworn on her oath, deposed and said that every statement contained herein is within her personal knowledge and true and correct.

SUBSCRIBED AND SWORN to before me on this the ___11 7h___ day of December 2018.

RANDY ALLEN COOPER
Notary Public, State of Texas
Comm. Expires 12-18-2022
Notary ID 130057285

NOTARY PUBLIC

My commission expires: ___12/18/2022___

# Tubal-Cain Industrial Services, Inc.
## New Hire Packet

### ALTERNATE DISPUTE RESOLUTION (ADR)

Tubal-Cain Industrial Services, Inc. is committed to providing the best possible working conditions for its employees. Part of this commitment is encouraging an open and frank atmosphere in which any problem, complaint, suggestion, or question receives a timely response from Company supervisors and management.

Tubal-Cain Industrial Services, Inc. strives to ensure fair and honest treatment of all employees. Supervisors, managers, and employees are expected to treat each other with mutual respect. Employees are encouraged to offer positive and constructive criticism.

If you disagree with established rules of conduct, policies, or practices, you will never be penalized, formally or informally, for voicing a complaint with the Company as long as it is done in a reasonable, business-like manner.

If a situation occurs where you believe that a condition of employment or a decision affecting you is unjust or inequitable, you are encouraged to make use of the Company's "Alternate Dispute Resolution" (ADR) procedure. The steps for filing an ADR are as follows:

1. If you have a problem that you feel should be filed through the ADR process you must obtain an ADR Form from Human Resources and file it within 5-working days of the incident. If requested, Human Resources will assist you in completing the ADR Form.

2. Upon completion of the ADR Form it will be forwarded to your immediate supervisor for investigation and response. The response will be returned to Human Resources within 5-working days. After reviewing the response, you must decide whether you are satisfied with the reply or if you elect to take the ADR to Step # 2.

3. If you elect to take the ADR to Step # 2, it will be submitted to a Plant Manager or Office Manager for investigation and response. The response will be returned to Human Resources within 5-working days. After reviewing the response, you must again decide whether you are satisfied with the reply or if you elect to take the ADR to Step # 3.

4. If you elect to take the ADR to Step #3, it will be submitted to the President of the Company for investigation and response. The President will inform you of his decision within 5-working days. The President's decision is final and binding under the ADR Process. A copy of the ADR will be placed in your Personnel File. You may pursue additional remedies under the Company's Binding Arbitration Policy.

Not every problem can be resolved to everyone's total satisfaction, but only through understanding and discussion of mutual problems can employees and management develop confidence in each other. This confidence is important to the operation of an efficient and harmonious work environment.

11

# Tubal-Cain Industrial Services, Inc.
## New Hire Packet

I recognize that disputes may arise between Tubal-Cain Industrial Services ("the Company") or one of its affiliates and me during or after my employment with the Company. I understand and agree that any and all such disputes that cannot first be resolved through the Company's internal dispute resolution procedures or mediation must be submitted to binding arbitration.

The following contains the terms and conditions of the binding Arbitration and Alternative Dispute Resolution Agreement ("Agreement") between me and the Company, which I agree to entirely. I understand that the Company has adopted the Arbitration and Alternative Dispute Resolution Plan set forth in this agreement and the policy of the Company effective on October 1, 2002. The Arbitration and Alternative Dispute Plan is binding on me on October 10, 2002 at 12:01 a.m., unless I have another pre-existing, binding written Arbitration Agreement with the Company.

I acknowledge and understand that by signing this Agreement, I am giving up the right to a jury trial on all claims covered by this Agreement. I understand that I have the option to resign my employment and seek employment elsewhere if I do not wish to enter into this Agreement. I understand that as a condition of my employment with the Company, I must accept and abide by this Agreement. I understand, however, that I remain an employee at will and that I am subject to discharge by the Company at any time, with or without good cause. I also understand that I have the right to resign my employment at any time, with or without good cause. This Agreement is not a contract of employment between me and the Company. I agree that each day of my continued employment serves as a ratification and reaffirmation of this Agreement and my willingness to abide by its content.

As additional consideration for this Agreement, in exchange for my promises expressed herein, the Company has also agreed and bound itself to resolve all complaints and claims against me which are covered by this Agreement through binding arbitration. This Agreement to resolve claims by arbitration is mutually binding upon both me and the Company, and it is also agreed that this Agreement binds and benefits the parties' successors, subsidiaries, affiliates, assigns, beneficiaries, heirs, children, spouses, parents, and legal representatives. I understand that the purpose of this Agreement is to provide both the Company and myself a way in which all covered claims or disputes may be resolved by binding arbitration, rather than litigation.

The Company and I agree to a multi-step "ADR" process as the vehicle for resolving employment-related disputes. I understand that if I have an employment-related dispute that I wish to resolve, I must follows these preliminary steps:

1. If I have a problem that I feel should be addressed through the ADR process, I must obtain an ADR Form from Human Resources and file it within 5-working days of the incident.

# Tubal-Cain Industrial Services, Inc.
## New Hire Packet

2.          Within 5 working days, I must complete the ADR Form and forward it to my immediate supervisor for investigation and response. After reviewing the response, I must decide whether I am satisfied with the reply or if I elect to take the ADR to Step #2.

3.          If I elect to take the ADR to Step #2, my dispute must, within 5 working days, be submitted to a Plant Manager or Office Manager in writing for investigation and response.  After reviewing the response, I must again decide whether I am satisfied with the reply or if I elect to take the ADR to Step #3.

4.          If I elect to take the ADR to Step #3, I must, within 5 working days submit my dispute in writing to the President of the Company for investigation and response.  The President's decision is final and binding and concludes the internal ADR Process.

5.          If I am still not satisfied with the resolution of my dispute, must next request non-binding, confidential mediation to be conducted by a neutral, trained mediator.  I understand that I must request mediation, if I desire to pursue my grievance further, within ten business days after I receive the President's response. Request for mediation should be made in writing to the Company President.  The Company will propose three neutral mediators who are either attorneys or who have been identified through a reputable mediation service.  I will have the ability to select the mediator to be used from that proposed selection.  The Company will bear all mediation fees and the fees of the mediator.  The Company and I are obligated to use our best efforts to mediate the dispute within 60 days after the request for mediation.

6.          In the event that I am not satisfied with the outcome of mediation, the next and final mandatory step in resolving the dispute is initiation of binding arbitration through the American Arbitration Association.   As the final step in resolving employment-related disputes, I agree to arbitrate any and all such employment-related disputes between the Company and affiliate entities and myself.

7.          I understand that the Company is also required to arbitrate any covered disputes against me, rather than pursuing court action.  I also understand and agree, however, that this Agreement does not limit the Company's right or ability to impose discipline or take any other employment-related action against me, including terminating my employment.

13

# Tubal-Cain Industrial Services, Inc.
New Hire Packet

Initiation of arbitration with the American Arbitration Association must occur within the applicable statutory or common law limitations periods. Statutory discrimination claims must be submitted to arbitration within the time limits for filing an administrative charge unless an administrative charge has actually been filed with a government agency, in which case arbitration must be commenced within the deadlines otherwise applicable to filing suit in court following agency dismissal and issuance of notice of the right to sue.

For purposes of this Agreement, an employment-related dispute includes, but is not limited to, all disputes, including statutory and common law claims, whether under state, federal, or local law, including, but not limited to, theories arising from breach of implied or express contract, implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, negligence, gross negligence, false imprisonment, underpayment or improper payment of compensation, retaliation, intentional infliction of emotional distress, misrepresentation, personal injury, claims arising from work-related injuries or conditions or activities, claims of an unsafe workplace, unlawful discrimination, retaliation or harassment, sexual harassment, violations of Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act (ADEA), Americans With Disabilities Act (ADA), Family and Medical Leave Act (FMLA), the Louisiana Commission on Human Rights Act, or any other claimed violations of statutes or common law relating to the employment relationship, whistleblowing, wrongful termination in violation of public policy, and defamation. I acknowledge that any dispute directly or indirectly affecting or relating to my employment shall be subject to binding arbitration, including all disputes against supervisors and managers.

The following matters are not covered by this Agreement:

(a)         Any criminal complaint or proceedings;

(b)         Statutory claims for unemployment benefits before the Louisiana Workforce Commission;

(c)         Claims for emergency injunctive relief, such as temporary restraining orders.

This Agreement constitutes the complete Agreement between the Company and me. It takes the place of any other oral understanding concerning arbitration. There may, however, be other written Agreements, policies, or procedures of the Company which may also require me to arbitrate the disputes that I may have with the Company.

Any matter covered under this Agreement or concerning the legality or interpretation of this Agreement shall be heard and decided under the provisions and authority of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, which is applicable to this Agreement.

14

# Tubal-Cain Industrial Services, Inc.
## New Hire Packet

Under this Arbitration Agreement, I understand that the arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to me or the Company, had the matter been heard in court. This authority includes the right to award compensatory and exemplary damages, attorney's fees and other remedies to the extent those remedies would be available under applicable law in court. Additionally, I acknowledge that under this Agreement, while I may not file a lawsuit to resolve a dispute against the Company, that I may file an administrative complaint with a federal, state, or other governmental administrative agency regarding legally protected rights. The Company's cooperation in the administrative investigation or conciliation efforts does not waive the parties' responsibility to resolve the dispute through arbitration.

For purposes of this Alternative Dispute Resolution Agreement, arbitration shall be before a single neutral arbitrator, shall be conducted by the American Arbitration Association, and the National Rules for the Resolution of Employment Dispute shall apply. Should the American Arbitration Association determine that it is unable for whatever reason to serve as the neutral arbitral organization, then another similar, reputable, neutral organization will be selected by the Company to be substituted in its place to ensure that the parties' commitment to binding and final arbitration of their employment disputes is fulfilled. The parties to arbitration, under this Agreement, will have the right to legal representation in the arbitration process, as well as the right to fair and adequate discovery determined by the arbitrator. Pursuant to this Agreement, I will be responsible for paying the $50.00 to initiate arbitration of a claim against the Company, but the Company will pay all further costs associated with initiating the American Arbitration Association's arbitration of this matter, including administrative fees and the costs of the arbitrator. I am responsible for paying my own attorney, if I choose to retain counsel to assist me, and I will be responsible for paying my own costs for depositions and other discovery to the same extent that I would be required to pay those costs if I were pursuing litigation in civil court. The arbitrator shall have the ability, where the governing law provides, to assess costs and attorney fees in favor of the prevailing party upon conclusion of the arbitration.

I am not relying on any statements, oral or written, on the subject, effect, enforceability, or meaning of this Agreement, except to the extent that such understandings may be specifically stated in this Agreement.

I understand that I have the right to consult an attorney before signing this Agreement. If I have signed this Agreement without doing so, I have made that decision on my own, without input from the Company.

I have been informed that the American Arbitration Association has a web site containing its rules and procedures currently located at www.adr.org. I have also been informed that copies of the current rules and procedures of that organization are available for my review in the office of the Company's President if I desire to look at them at any time and that I have the right to request copies of these materials.

15

# Tubal-Cain Industrial Services, Inc.
## New Hire Packet

This Agreement includes all of the foregoing recitals, statements, and acknowledgments relating to the parties' intentions and Agreement to arbitrate all employment disputes.  If any of the foregoing terms of this Agreement are determined to be in violation of any law, rule, or regulation or otherwise unenforceable, that determination shall not affect any of the remaining clauses of this Agreement.  All other clauses shall remain in full force and effect.  In the event that any provision of this Agreement shall finally be determined to be unlawful, there shall be substituted a provision of similar import reflecting the original intent of the parties to resolve their disputes through binding arbitration.

This Agreement will survive the termination of my employment with the Company.  This Agreement can only be revoked or modified by a writing signed by both me and the Company's authorized representative which specifically states an intent to revoke or modify this Agreement.  This requirement of a signed writing cannot itself be waived except by such a signed writing.  I also understand that my rejection of this Agreement is my free choice and constitutes a voluntary and knowing resignation of my employment with the Company.  Unless I am otherwise a party to a binding agreement to the contrary, I agree that my continued employment after the effective date of this Agreement, constitutes acceptance of all parts of the Agreement, even if I have not signed the Agreement to confirm my agreement to its content.

I acknowledge and agree that I have carefully read this Agreement and that I understand its terms.  I also acknowledge and agree that I have entered into this Agreement voluntarily and without duress, pressure, or coercion from any person and without relying on any promises or representations by the Company other than those contained in the Agreement itself.  I am not under the influence of alcohol or any other impairing substance, nor am I under any mental incapacity that would affect me at the time of signing this Agreement.  I am aware of the consequences of signing this Agreement and, to the extent that I deemed necessary, I have consulted an attorney.

This Agreement is binding upon the employees of Tubal-Cain Industrial Services and any other corporate entity or partnership in which Tubal-Cain Industries, Inc. or Edward John Van Huis, III has an ownership interest in or a controlling interest.

16

# Tubal-Cain Industrial Services, Inc.
## New Hire Packet

I ACCEPT AND I UNDERSTAND THAT THIS AGREEMENT IS EFFECTIVE IMMEDIATELY UPON MY SIGNING OF THIS AGREEMENT OR, IF I HAVE NOT SIGNED IT, AT 12:01 A.M. ON JANUARY 1, 2005 IF I CONTINUE MY EMPLOYMENT WITH THE COMPANY AT OR AFTER THAT TIME.   I UNDERSTAND THAT THIS AGREEMENT RESTRICTS MY RIGHT TO SUE MY EMPLOYER. THIS AGREEMENT HAS BEEN EXPLAINED TO ME VERBALLY AND I HAVE READ THE AGREEMENT ABOVE CAREFULLY AND HAVE BEEN GIVEN THE OPPORTUNITY TO CONSIDER THE TERMS AND EFFECT ON ME.   BY MY SIGNATURE BELOW, I KNOWINGLY UNDERSTAND AND VOLUNTARILY AGREE TO BE BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT IN ALL RESPECTS.

To the extent that I have previously entered into an Arbitration Agreement with the Company, I agree to the replacement or amendment of that Arbitration Agreement with this Arbitration and Alternative Dispute Resolution Agreement effective immediately.

_____          Date:
Signature of employee                              _____

_____
Printed Name of Employee

_____
Witness

Randy Cooper_____
Printed Name of Witness

AGREED:

By:_____
Company Representative

17

# EXHIBIT B

CAUSE NO. B-202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend for B.W., A Minor | § | |
| Child | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., TUBAL | § | |
| INDUSTRIES, INC., and | § | |
| EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## AFFIDAVIT OF DAVID C. AGNEW

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| JEFFERSON COUNTY | § |

BEFORE ME, the undersigned authority, on this day personally appeared David C. Agnew, who, being by me first duly sworn upon his oath, did depose and state as follows:

1.      My name is David C. Agnew.  I am over twenty-one (21) years of age, am of sound mind, and am otherwise authorized and competent to testify as to every statement contained in this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are all true and correct.

2.      I am the Chief Financial Officer of Tubal-Cain Holdings, LLC. I have worked in this capacity for Tubal-Cain Holdings, LLC for over 4 years.

3.      In my capacity as the Chief Financial Officer, I have knowledge of the company relationships among Tubal-Cain Holdings, LLC, Tubal-Cain Industrial Services, Inc., Tubal-Cain Industries, Inc., and Tubal-Cain Marine Services, Inc. I also have custody of and access to Tubal-Cain Holdings, LLC's business records.

4.      Tubal-Cain Holdings, LLC owns 100% of the shares of stock of Tubal-Cain Industrial Services, Inc., Tubal-Cain Industries, Inc., and Tubal-Cain Marine Services, Inc.

5.      Tubal Cain Industries, Inc. and Tubal-Cain Marine Services, Inc. are under common ownership with, and are affiliates of, Tubal Cain Industrial Services, Inc.

6.      Edward John Van Huis, III has an ownership interest in Tubal-Cain Industrial Services, Inc., Tubal-Cain Industries, Inc., and Tubal-Cain Marine Services, Inc.

_David C. Agnew_

STATE OF TEXAS                                 §
                                               §
JEFFERSON COUNTY                               §

BEFORE ME, the undersigned notary public, on this day personally appeared David C. Agnew, who, being by me duly sworn on his oath, deposed and said that every statement contained herein is within his personal knowledge and true and correct.

SUBSCRIBED AND SWORN to before me on this the 5th day of November 2018.

_NOTARY PUBLIC_

My commission expires: 10-13-2021

PATRICIA TEEL
Notary Public, State of Texas
Comm. Expires 10-13-2021
Notary ID 131315227

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/20/2018 8:45 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

NO. B-202,272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR B. W., A MINOR CHILD | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| TUBAL-CAIN INDUSTRIES, INC. | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND SUPPLEMENTAL PETITION FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now JAYME BLACK WINFREE, Individually and as Next Friend for B. W. and P.W., minor children, spouse and natural children, respectively, and heirs to the body of Decedent, TYLER WINFREE (hereinafter referred to as Plaintiff) and files this, Plaintiff's Second Supplemental Petition for Damages complaining of TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN MARINE SERVICES, INC., (together "TUBAL-Cain"), and EVERGREEN TANK SOLUTIONS ("EVERGREEN") and, for cause of action, would show unto this Honorable Court as follows:

I.

Plaintiff/Petitioner previously filed an Application for Temporary Restraining Order and Temporary Injunction, which was granted by the Honorable Court. Subsequently, Plaintiff and Defendants/Respondents entered into a Rule 11 Agreement extending all terms and conditions of the Temporary Restraining Order. This is a supplemental filing and the Application for Temporary Restraining Order, Temporary Injunction and Rule 11 Agreement referenced herein are incorporated by reference.

1



II.

Plaintiff is the surviving spouse of TYLER WINFREE, Deceased. Plaintiff is the natural mother of B. W. and P. W., minors. TYLER WINFREE, Deceased, was the natural father of B. W. and P. W. All of the above are heirs of the body of Decedent, TYLER WINFREE. Plaintiff brings this action as to EVERGREEN pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code.

Plaintiff affirmatively pleads that discovery should be conducted in accordance with a tailored discovery control plan under Civil Procedure Rule 190.4.

Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000. Plaintiff seeks monetary relief over $1,000,000.

Plaintiff would show that the incident in question was brought about and caused to occur and/or was proximately caused by the negligence and/or gross negligence of EVERGREEN. Plaintiff hereby invokes the provisions of Section 71.004, et seq., said provisions covering wrongful death and survival claims.

III.

Plaintiff, JAYME BLACK WINFREE, resides in Orange County, Texas, as does the minor Plaintiffs, B. W. and P.W. Decedent also was a resident of Orange County, Texas at the time of his death.

Defendant, TUBAL-CAIN INDUSTRIAL SERVICES, INC., is a domestic corporation doing business in, among others, Jefferson County, Texas. Service on such Respondent may be had by serving its attorney of record.

2



Defendant, TUBAL-CAIN MARINE SERVICES, INC., is a domestic corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its attorney of record.

Defendant, EVERGREEN TANK SOLUTIONS, INC., is a foreign corporation doing business in, among others, Jefferson County, Texas.  Service on such Respondent may be had by serving its attorney of record.

IV.

On or about August 17, 2018, TYLER WINFREE (hereinafter sometimes referred to as Decedent) was found in a tank owned by EVERGREEN and located on premises owned and/or controlled by the TUBAL-CAIN.  Decedent was an employee of one, or more, of the TUBAL-CAIN entities.  When Decedent's body was recovered from the tank, he was already deceased.

One or more of the TUBAL-CAIN Defendants owned, operated and/or controlled the facility located at 8700 Old Yacht Club Road, Port Arthur, Jefferson County, Texas, as well as the equipment to be used by persons such as TYLER WINFREE.

V.

Plaintiff would show that EVERGREEN, acting by and though its respective agents, tenants, managers, contractors, employees and/or vice principals, is liable for its conduct, acts and/or omissions which amount to negligence and gross negligence under Texas law, including, but not limited to the following:

a.    Failing to warn Decedent of the dangerous and deadly substance in its tanker trailer involved in the incident made the basis of this claim;

b.    Failure to adequately label and place the appropriate placard on the tanker trailer in question in a manner that would have alerted Decedent to the dangerous and deadly contents of the tanker trailer in question;

3

    c.      Committing various other acts and/or omissions of negligence, gross negligence, fault and strict liability, both statutory and common law, to be specified in detail at time of trial.

EVERGREEN's actions or inactions were performed knowingly or intentionally; or when viewed objectively from its standpoint at the time of the occurrence or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Decedent; and EVERGREEN had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Decedent. Each and every such act and omission, singularly or in combination with others, constituted negligence and gross negligence that proximately caused the incident and the injuries that Decedent suffered, and which resulted in his death.

VI.

Plaintiff, individually in her capacity as surviving spouse of Decedent, TYLER WINFREE, and in her capacity as Next Friend for B. W. and P.W., minor children, natural child and heirs to the body of such Decedent, asserts claims against EVERGREEN under the Texas Wrongful Death Act, Tex. Civ. Pract. & Rem. Code §71.001 et seq, as wrongful death beneficiaries, seeking recovery of the following past and future damages that were proximately caused by its negligence:

    a.      mental anguish;

    b.      loss of consortium;

    c.      loss of parent/child relationship and consortium;

    d.      loss of inheritance;

    e.      loss of society;

    f.      pecuniary losses;

    g.      compensatory damages;

4



     h.     loss of household services;

     i.     punitive damages; and

     j.     such other damages as will be shown at trial.

As a direct and proximate result of EVERGREEN's conduct set forth herein, TYLER WINFREE, deceased suffered horrific injuries and died.  As a result, Plaintiff has been made to suffer these wrongful death damages and other damages recoverable under the law.

VII.

As a result of the negligence, fault and/or strict liability of EVERGREEN, TYLER WINFREE suffered injuries and damages, including, but not limited to the following:

     a.     a wrongful, tragic and untimely death;

     b.     conscious pain and suffering prior to death; and,

     c.     hedonic damages.

IX.

Plaintiff seeks punitive damages in the amount sufficient to punish EVERGREEN for its reckless, knowing and intentional conduct, bear reasonable relation to the actual damages suffered by Plaintiff, deter others from endangering the welfare of workers similarly situated as Decedent, and be appropriate in light of the net worth of EVERGREEN.

Further, Plaintiff seeks a claim for pre and post-judgment interest for all elements allowed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that :

     1.     On final trial, Plaintiff be awarded actual damages and all other damages allowed by law;

     2.     On final trial, Plaintiff be awarded exemplary damages and all other damages allowed by law.

5



3.     Plaintiff be awarded pre and post-judgment interest;

4.     Plaintiff be awarded costs of suit; and

5.     Plaintiff be awarded such other and further relief to which she may be justly
       entitled.

                          Respectfully submitted,

                          BRADLEY & STEELE, PLLC
                          3120 Central Mall Drive
                          Port Arthur, TX  77642
                          Phone: (409) 724-6644
                          Fax: (409) 724-7585
                          E-Mail Address: lbradley@bradlaw.net
                          E-Mail Address: tpbrent@bradlaw.net

                          By:
                               LANCE P. BRADLEY
                               State Bar No. 02826650
                               T. PHILLIP BRENT
                               State Bar No. 24031886


                          PARKER LAW FIRM
                          2300 Highway 365, Suite 330
                          Nederland, TX  77627
                          Phone: (409) 985-8814
                          Fax: (409) 985-2833

                          By:   Allen Parker  *by permission
                               ALLEN PARKER
                               State Bar No. 00794422
                               aparker@theparkerlawfirm.com


                          ATTORNEYS FOR PLAINTIFF

6



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/20/2018 8:52 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

No. B202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| v. | § | |
| | § | 60TH JUDICIAL DISTRICT |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC. *et al.*, | § | |
| Defendants. | § | |

---

### DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S RESPONSE TO TUBAL-CAIN INDUSTRIAL SERVICES, INC. AND TUBAL-CAIN MARINE SERVICES, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS

### AND

### MOTION TO STAY THIS LITIGATION PENDING ARBITRATION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EVERGREEN TANK SOLUTIONS, INC.** ("Evergreen"), Defendant in the above-captioned matter, and files its Response to the Motion to Compel Arbitration of Plaintiff's Claims filed by Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc. (together, "Tubal-Cain") and its Motion to Stay Pending Arbitration. Evergreen states:

### I.   BACKGROUND

This matter arises from an industrial site accident that occurred on or about August 17, 2018 at premises owned and controlled by Tubal-Cain, which Plaintiff Jayme Winfree ("Plaintiff") alleges resulted in the death of her husband ("the decedent").[1] According to Plaintiff, the decedent, a Tubal-Cain employee, was found deceased in a tank located on the Tubal-Cain premises during

---

[1] *See* Pl.'s Supp. Pet. for Damages at ¶¶ I–V.

1

his working hours.[2]  Plaintiff alleges that Evergreen was the owner of the subject tank.[3]  The allegation that Evergreen owns the subject tank is the only factual allegation against Evergreen.

Plaintiff filed suit against Tubal-Cain and Evergreen, asserting various allegations of negligence and gross negligence and (against Tubal-Cain) premises liability.[4]  Evergreen generally denies all liability to Plaintiff and has asserted a host of affirmative defenses to Plaintiff's claims.[5]

On December 14, 2018, Tubal-Cain filed a Motion to Compel Arbitration of Plaintiff's claims.  In its motion, Tubal-Cain asserts that the decedent and Tubal-Cain entered into an Arbitration and Alternative Dispute Resolution Agreement to resolve all disputes related to the decedent's employment with Tubal-Cain by binding arbitration pursuant to the Federal Arbitration Act.[6]  According to Tubal-Cain, its agreement with the decedent encompasses all statutory and common law claims sounding in state or federal law against any Tubal-Cain entity arising during or after the decedent's employment, including claims of negligence, gross negligence, and work-related injury, and binds the heirs, children, spouses, and representatives of the decedent.[7]  Evergreen is not a party to the arbitration agreement between Tubal-Cain and the decedent.

Tubal-Cain now moves the Court for an order compelling arbitration, arguing that its arbitration agreement with the decedent is valid and that Plaintiff's claims in this litigation fall within the scope of the arbitration agreement, and requests that the Court stay this litigation pending the outcome of the arbitration.[8]  Evergreen now responds to Tubal-Cain's motion.

---

[2] *See id.* at ¶ V.
[3] *See id.*
[4] *Id.* at ¶¶ VI–X.
[5] *See* Evergreen's Answer to Pl.'s Supp. Pet. for Damages.
[6] *See* Tubal-Cain's Mot. at pg. 1–2 & Ex. A.
[7] *See id.* at pg. 2–3 & Ex. A.
[8] *See id.* at pg. 2–6.

2

II.    **ARGUMENTS AND AUTHORITIES**

    A.    **Evergreen Cannot Be Required to Participate in Arbitration.**

    Tubal-Cain asks this Court to order Plaintiff to submit its claims against Tubal-Cain to binding arbitration.  Evergreen, which is not a party to the arbitration agreement, cannot be required to participate in any arbitration and expressly objects to any attempt to require it to do so. *See Roe v. Ladymon*, 318 S.W.3d 502, 511 (Tex. App.-Dallas 2010, no pet.) ("Like other contracts, nonparties are normally not bound by arbitration agreements between others."); *Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 706 (Tex. App.-Houston 2009, no pet.) ("'It goes without saying that a contract cannot bind a nonparty.' '[A] duty to arbitrate can arise only by agreement.'") (quoting *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp.*, 531 F.3d 531, 535 (7th Cir. 2008)); *BML Stage Lighting, Inc. v. Mayflower Transit, Inc.*, 14 S.W.3d 395, 400 (Tex. App.-Houston 2000) ("A contract … generally binds no one except the parties to it.  And courts generally cannot bind a nonparty to a contract because the nonparty never agreed to [its] terms.") (citing *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 460 (6th Cir. 1999)).

    B.    **This Civil Litigation Should Be Stayed Pending Binding Arbitration.**

    Tubal-Cain further asks this Court to stay this civil litigation pending the outcome of its arbitration proceedings with Plaintiff.  If this Court grants Tubal-Cain's motion and compels Plaintiff to arbitrate its claims against Tubal-Cain, then Evergreen would join in Tubal-Cain's request to stay the state court litigation pending completion of the arbitration proceedings.

    As a general policy, both federal and state law "'strongly favor arbitration.'" *In re Ghanem*, 203 S.W.3d 896, 898 (Tex. App.-Beaumont 2006, no pet.) (quoting *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding)).  Indeed, the Federal Arbitration

Act contains a "mandatory stay provision" that requires any trial court in the United States to stay any suit that is referable to arbitration pursuant to a written arbitration agreement on motion of any party to the suit. *See* 9 U.S.C. § 3 (1947); *Ghanem*, 924 S.W.2d at 899. According to Tubal-Cain, Plaintiff's claims against it are referable to arbitration pursuant to a written agreement between Plaintiff and Tubal-Cain. Tubal-Cain has requested a stay of this litigation pending completion of the agreed-upon arbitration. Section 3 requires this court to enter Tubal-Cain's requested stay.

The Federal Arbitration Act's mandatory stay will extend to cover claims against a non-signatory like Evergreen if: (1) "the arbitrated and litigated disputes involve the same operative facts"; (2) "the claims asserted in the arbitration and litigation are 'inherently inseparable'"; and (3) "the litigation has a 'critical impact' on the arbitration." *See In re Devon Energy Corp.*, 332 S.W.3d 543, 548 (Tex.-Houston 2009, no pet.) (citing *Waste Mgmt., Inc. v. Residuous Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004)). Here, the disputes to be arbitrated (between Plaintiff and Tubal-Cain) and the disputes to be litigated (between Plaintiff and Tubal-Cain and between Plaintiff and Evergreen) involve the exact same operative facts. Both disputes arise from the alleged August 17, 2018 incident at Tubal-Cain's premises and the decedent's death. The same witnesses, documents, and evidence will be critical in both the arbitrated and litigated disputes. Plaintiff will claim and seek recovery of the very same damages in both proceedings.

The claims to be asserted in the arbitration and which have already been asserted in this litigation are currently inseparable. Again, Plaintiff will seek recovery for the same alleged damages in both proceedings based on the allegations contained in the current Petition. Her allegations arise from the same operative facts and she will present the same theories of law and elements of causes of action in both proceedings. *See, e.g., East Rio Hondo Water Supply Corp.*, No. 13-12-00538-CV, 2012 WL 5377898, at *1–8 (Tex. App.-Corpus Christi-Edinburg Oct. 29,

2012) (in case arising from delamination or peeling of surface coating on water towers, arbitration against company that applied coating and litigation against company that supplied the coating involved inherently inseparable claims); *Waste Mgmt.*, 372 F.3d at 345 (claims were inseparable where plaintiff sought relief for the same alleged contract breach in both arbitration and litigation).

Finally, if the litigation proceeds at the same time as the arbitration, it would have a critical impact on both proceedings and could, in fact, impact Tubal-Cain's right to meaningful arbitration, which is expressly protected by state and federal law. *See, e.g., East Rio*, 2012 WL 5377898, at *8 (courts must focus on "preserving the right to meaningful arbitration") (citing *Waste Mgmt.*, 372 F.3d at 343). Any attempt to judicially determine Tubal-Cain's liability under the causes of action pleaded in Plaintiff's Petition in the civil litigation could, "at the very least, adversely affect [Tubal-Cain's] right to arbitrate, and certainly to meaningfully arbitrate" by deciding issues that will be at issue in and subject to the arbitration. *See Ghanem*, 924 S.W.2d at 899–900. Simultaneous litigation and arbitration runs the risk of inconsistent results. *See Waste Mgmt.*, 372 F.3d at 343–45. Further, Plaintiff cannot recover for the same alleged damages in both the litigation and the arbitration without receiving an improper windfall. These circumstances would prevent the arbitrator from fully resolving the dispute. For these reasons, any result in the litigation would have a "critical impact" on the arbitration and could impede the state and federal policy favoring arbitration. *See, e.g., Matthews v. Priority Energy Servs., LLC*, No. 6:15-cv-448-RWS-KNM, 2016 WL 7633990, at *5 (E.D. Tex. Dec. 2, 2016); *see also Ghanem*, 924 S.W.2d at 899.[9]

---

[9] To the extent Plaintiff will consent to arbitration, but seek to consolidate discovery in this litigation with discovery in the arbitration in lieu of a stay, Evergreen will oppose that request. Discovery in arbitration proceedings is governed by the rules of the proceedings, not by the rules of procedure that govern discovery before this Court. Discovery may well be limited below what would be discoverable or available in a trial court proceeding. Evergreen, who is not a party to the arbitration agreement, is entitled to conduct full discovery (after any state lifts) pursuant to Court rules.

Moreover, it bears emphasizing that the bulk of the allegations in Plaintiff's Petition are against Tubal-Cain, who was the decedent's employer and the owner of the subject premises. The only factual allegation specific to Evergreen is that it owned the subject tank. There is no allegation that Evergreen transported, filled, or exercised any control over the subject tank before or at the time of the decedent's alleged incident. If Plaintiff and Tubal-Cain resolve their dispute in arbitration, and Tubal-Cain is dismissed from this litigation, it will drastically narrow the scope of the alleged liability issues subject to discovery and, ultimately (if not disposed of by dispositive motion)[10] to be presented at trial. Following the stay (if granted) and once Plaintiff has resolved her claims against Tubal-Cain through arbitration, this litigation will begin again with a narrowed scope, which improves judicial economy and efficiency and will save all parties time and expense. The litigation parties will have clarity about the status and resolution of Plaintiff's claims against Tubal-Cain through arbitration, avoiding any ambiguity in Tubal-Cain's party status and about when and whether Tubal-Cain should be designated as a responsible third party pursuant to Tex. Civ. Prac. & Rem. Code §§ 33.003 and 33.004. Put simply, a stay of the civil litigation allows the parties to proceed, after arbitration, in an orderly and clear fashion, without any lingering ambiguity regarding the potential impact a separate arbitration could have approaching trial.

## III.   CONCLUSION

For all of the reasons explained herein, Evergreen requests that this Court preclude it from being compelled to participate in arbitration proceedings pursuant to an agreement it did not sign. Evergreen further requests that this Court stay the pending litigation Plaintiff brought against Evergreen and Tubal-Cain pending completion of the arbitration between Plaintiff and Tubal-Cain.

---

[10] Given that the only allegation specific to Evergreen is that it owned the subject tank, there can be no claim against Evergreen. Evergreen reserves all rights to assert any applicable defenses and file appropriate dispositive motions.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
Telephone: (409) 654-6700
Telecopier: (409) 835-2115

By:      */s/ Karen Bennett*
          Karen Bennett
          State Bar No. 21702640
          krbennett@germer.com

**ATTORNEYS FOR
DEFENDANT EVERGREEN
TANK SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all parties in this case, through their counsel of record, on this, the 20th day of December, 2018.

          */s/ Karen Bennett*
          Karen Bennett

7



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/31/2018 1:27 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

No. B202272

| | | |
|---|---|---|
| JAYME BLACK WINFREE, | § | |
| | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| v. | § | |
| | § | 60TH JUDICIAL DISTRICT |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF WRITTEN DISCOVERY

I certify that on the 31st day of December, 2018, Defendant **EVERGREEN SOLUTIONS, INC.**, served the following discovery responses on Plaintiff, **JAYME BLACK WINFREE**, by and through her attorneys of record, Lance P. Bradley and T. Phillip Brent, BRADLEY & STEELE, PLLC, 3120 Central Mall Drive, Port Arthur, Texas 77642 and Allen Parker, PARKER LAW FIRM, 2300 Highway 365, Suite 330, Nederland, Texas 77627:

- DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES;
- DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR DISCLOSURE; AND
- DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
Telephone: (409) 654-6700
Telecopier: (409) 835-2115

By:    */s/ Karen Bennett*
Karen Bennett
State Bar No. 21702640
krbennett@germer.com

**ATTORNEYS FOR
DEFENDANT EVERGREEN
TANK SOLUTIONS, INC.**

1



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/4/2019 8:55 AM
JAMIE SMITH
DISTRICT CLERK
B-202272

NO. B-202,272

| JAYME BLACK WINFREE, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR B. W., A MINOR CHILD | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TUBAL-CAIN INDUSTRIAL | § | |
| SERVICES, INC., TUBAL-CAIN | § | |
| MARINE SERVICES, INC., | § | |
| TUBAL-CAIN INDUSTRIES, INC. | § | |
| and EVERGREEN TANK SOLUTIONS | § | 60TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO EVERGREEN'S MOTION TO STAY LITIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now JAYME BLACK WINFREE, Individually and as Next Friend for B. W. and

P.W., minor children, spouse and natural children, respectively, and heirs to the body of

Decedent, TYLER WINFREE (hereinafter referred to as "Plaintiff") and files this, Plaintiff's

Response to the Motion to Stay This Litigation Pending Arbitration of EVERGREEN TANK

SOLUTIONS, INC. ("Evergreen").  In support thereof, Plaintiff would respectfully show unto

this Court the following:

**A.     This issue is moot.**

As stated by Evergreen, TUBAL-CAIN INDUSTRIAL SERVICES, INC. and TUBAL-

CAIN MARINE SERVICES, INC. (together "Tubal-Cain") have filed a Motion to Compel

Arbitration of Plaintiff's claims against Tubal-Cain pursuant to a purported employment

agreement between Tyler Winfree and Tubal-Cain requiring arbitration.  As stated at the hearing

on Tubal-Cain's motion, Plaintiff previously filed an Application for Temporary Restraining

Order and Temporary Injunction, which was granted by this Honorable Court.  Subsequently,

Plaintiff and Defendants entered into a Rule 11 Agreement extending all terms and conditions of

the Temporary Restraining Order.  In advance of the hearing on Tubal-Cain's motion, Plaintiff

1

filed a supplemental petition as opposed to an amended petition for fear of dissolving the TRO

through a written pleading.   Plaintiff's counsel stated at the hearing the reasoning for the

terminology used on the subsequent petition to this Court.  Plaintiff's counsel advised the Court

that it had removed all claims other than those requested through the request for emergency

relief.  The contract offered by Tubal-Cain clearly states that the arbitration provisions do not

apply to claims for emergency relief, such as a temporary restraining order.  *See* Exhibit A to

Tubal-Cain's Motion to Compel Arbitration, p. 14 at (c).  Accordingly, Tubal-Cain's motion is

moot and should be denied.  Similarly, Evergreen's motion is also moot.

**B.     If the Court determines that the issue is not moot, then the motion must be denied**
**because Evergreen has not met its burden of proof.**

Evergreen relied heavily on the *In re Devon Energy Corp.* case as its basis for a stay of

this litigation.  However, as stated in that opinion,

> [c]ourts must focus on preserving the right to meaningful arbitration rather
> than addressing potential harm to the rights of a non-signatory.  Because
> the focus is the potential effect of the litigation on the signatory party's
> right to a meaningful arbitration, the non-signatory's status as a plaintiff or
> a defendant in the litigation is not dispositive.  The FAA's mandatory stay
> applies to a non-signatory to an arbitration agreement if (1) the arbitrated
> and litigated disputes involve the same operative facts, (2) the claims
> asserted in the arbitration and litigation are "inherently inseparable," and
> (3) the litigation has a "critical impact" on the arbitration.

332 S.W.3d 543, 548 (Tex. App. – Houston [1st Dist.] 2009, no pet.) (emphasis added) (internal

citations omitted).[1]

---

[1] Plaintiff would note that it is not entirely clear if the FAA's mandatory arbitration provisions even apply to non-
party state court claims. The United States Supreme Court has never held that Section 3 of the FAA, which by their
terms appear to apply only to proceedings in federal court are nonetheless applicable in state court. *Batton v. Green*,
801 S.W.2d 923, 928 (Tex. App.—Dallas 1990, no pet.); *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 99, n. 71
(Tex. 2011) (holding that "it is not clear to what extent the FAA's procedures, prescribed expressly for federal
courts, ever apply in state courts." Citing *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 477 n.6, 109 S. Ct. 1248, 1254
(1989) ("While we have held that the FAA's "substantive" provisions -- §§ 1 and 2 -- are applicable in state as well
as federal court, see *Southland Corp.* v. *Keating*, 465 U.S. 1, 12 (1984), we have never held that §§ 3 and 4, which
by their terms appear to apply only to proceedings in federal court, see 9 U. S. C. § 3 (referring to proceedings
"brought in any of the courts of the United States"); § 4 (referring to "any United States district court"), are
nonetheless applicable in state court. See *Southland Corp* v. *Keating, supra*, at 16, n. 10 (expressly reserving the

Evergreen has failed to satisfy these requirements. The claims against Evergreen and Tubal-Cain are not the same. The present claims against Tubal-Cain relate to emergency injunctive relief, which orders granted by this Court Tubal-Cain has apparently ignored by violating the express terms of the Court's order. The claims against Evergreen at this time (discovery has only recently started) relate to negligence and gross negligence in failing to warn Mr. Winfree of the dangerous and deadly substance in its tanker trailer involved in the incident made the basis of this claim, and failure to adequately label and place the appropriate placard on the tanker trailer in question in a manner that would have alerted Mr. Winfree to the dangerous and deadly contents of the tanker trailer in question. The liability of Evergreen is separate and distinct from that of Tubal-Cain. Evergreen has not shown this Court how any arbitrated issues and litigated issues involve "the same operative facts" or how the litigation has a "critical impact" on the arbitration. The claims against these entities are entirely different.

Furthermore, this litigation will have no effect, let alone a "critical impact" on the arbitration. Evergreen admits as much in its motion wherein it states:

> Moreover, it bears emphasizing that the bulk of the allegations in Plaintiff's Petition are against Tubal-Cain, who was the decedent's employer and the owner of the subject premises. The only factual allegation specific to Evergreen is that it owned the subject tank. There is no allegation that Evergreen transported, filled, or exercised any control over the subject tank before or at the time of the decedent's alleged incident. If Plaintiff and Tubal-Cain resolve their dispute in arbitration, and Tubal-Cain is dismissed from this litigation, it will drastically narrow the scope of the alleged liability issues subject to discovery and, ultimately (if not disposed of by dispositive motion) to be presented at trial. Following the stay (if granted) and once Plaintiff has resolved her claims against Tubal-Cain through arbitration, this litigation will begin again with a narrowed scope, which improves judicial economy and efficiency and will save all parties time and expense. The litigation parties will have clarity about the status and resolution of Plaintiffs claims against Tubal-Cain through arbitration, avoiding any ambiguity in Tubal-Cain's party status and about when and whether Tubal-Cain should be designated as a

---

question whether "§§ 3 and 4 of the Arbitration Act apply to proceedings in state courts"); see also *id.*, at 29 (O'Connor, J., dissenting) (§§ 3 and 4 of the FAA apply only in federal court)").

> responsible third party pursuant to Tex. Civ. Prac. & Rem. Code§§ 33.003 and 33.004. Put simply, a stay of the civil litigation allows the parties to proceed, after arbitration, in an orderly and clear fashion, without any lingering ambiguity regarding the potential impact a separate arbitration could have approaching trial.

Evergreen's motion, p. 6.

Evergreen is apparently concerned about a responsible third-party designation – not a claim based on law or fact for indemnification or contribution despite its assertions in its current Answer.  This is no different than any other litigation where a responsible third party is named by a defendant or a party settles before trial.  Evergreen's proportionate liability will be determined by the jury.  Evergreen is fully aware that a finding of liability by a jury as to the actions or inactions of a responsible third party or settling party does not mean that the responsible third party or settling party (Tubal-Cain) has to pay Plaintiff its proportionate percentage of damages.  There is no "windfall" verdict for the Plaintiff via trial.  Evergreen has failed to identify how <u>Tubal-Cain</u> could be prejudiced in any way by any such finding, which by its own admission it must show the Court.

Evergreen also appears to argue that it agrees to be bound by the findings of an arbitrator as to Tubal-Cain when in its motion it argues it shouldn't be compelled to arbitration. Evergreen's position and arguments lack merit.

Keeping in mind the Court's focus on the preservation of meaningful arbitration as opposed to the potential harm to the interests of a nonsignatory, this Court should deny Evergreen's motion.  In the alternative, if this Court should decide that it is proper to grant Evergreen's motion and also grant Tubal-Cain's motion for arbitration, then Plaintiff would ask the court to abate the case against Evergreen for trial only and consolidate discovery in the arbitration and in the matter pending before this Court so as to promote judicial economy and efficiency.

4

Respectfully submitted,

BRADLEY & STEELE, PLLC
3120 Central Mall Drive
Port Arthur, TX  77642
Phone: (409) 724-6644
Fax: (409) 724-7585
E-Mail Address:  lbradley@bradlaw.net
E-Mail Address:  tpbrent@bradlaw.net

By:  _____
     LANCE P. BRADLEY
     State Bar No. 02826650
     T. PHILLIP BRENT
     State Bar No. 24031886

PARKER LAW FIRM
2300 Highway 365, Suite 330
Nederland, TX  77627
Phone: (409) 985-8814
Fax: (409) 985-2833

By:  _____
     ALLEN PARKER
     State Bar No. 00794422
     aparker@theparkerlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this, the ___ day of January 2019, a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the provisions of the Texas Rules of Civil Procedure.

_____
LANCE P. BRADLEY
T. PHILLIP BRENT

5

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/9/2019 3:11 PM
JAMIE SMITH
DISTRICT CLERK
B-202272

No. B202272

| | | |
|---|---|---|
| **JAYME BLACK WINFREE,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **v.** | § | **60TH JUDICIAL DISTRICT** |
| | § | |
| **TUBAL-CAIN INDUSTRIAL** | § | |
| **SERVICES, INC.** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT EVERGREEN TANK SOLUTIONS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STAY THIS LITIGATION PENDING ARBITRATION BETWEEN PLAINTIFF AND DEFENDANT TUBAL-CAIN

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EVERGREEN TANK SOLUTIONS, INC.** ("Evergreen"), Defendant in this matter, and files its Reply Brief in further support of its motion to stay this litigation pending arbitration between Plaintiff Jayme Black Winfree ("Plaintiff") and Defendants Tubal-Cain Industrial Services, Inc. and Tubal-Cain Marine Services, Inc. (together, "Tubal-Cain").

### I.     BACKGROUND

Tubal-Cain employed Plaintiff's decedent. Tubal-Cain filed a motion to compel arbitration of Plaintiff's claims against Tubal-Cain, asserting that there is a valid and enforceable arbitration agreement in the decedent's employment contract. Evergreen is not a party to the arbitration agreement between Tubal-Cain and the decedent. Evergreen filed a response to Tubal-Cain's motion: (1) stating that, while it does not object to Tubal-Cain and Plaintiff arbitrating their dispute, Evergreen (which is not a party to the arbitration agreement) cannot be required to participate in any arbitration; and (2) requesting that this civil litigation be stayed pending binding

1

arbitration.   Plaintiff now opposes Evergreen's request that this action be stayed.   Plaintiff's arguments are two-fold.  First, Plaintiff argues that the issue is moot.  Second, Plaintiff argues that Evergreen has not met its burden of proof for securing a stay of litigation pending arbitration.

Neither of Plaintiff's arguments are availing.  A stay of this litigation pending arbitration between Plaintiff and Tubal-Cain, the decedent's employer, is appropriate and should be entered.

## II.   **ARGUMENT**

### A.   **Evergreen's Motion Is Not Moot.**

Plaintiff initiated this action by filing an Application for Temporary Restraining Order ("TRO") and Temporary Injunction related to evidence preservation.   She then filed a Supplemental Petition for Damages, asserting claims against Tubal-Cain and Evergreen.  Before the hearing on Tubal-Cain's motion to compel arbitration and Evergreen's motion to stay, Plaintiff amended her Petition (she says) to remove all claims other than those initially requested in her TRO filing.  (*See* Pl.'s Resp. at pg. 1–2).  Plaintiff argues that this renders Tubal-Cain's motion (and by extension, Evergreen's motion) moot because the arbitration agreement between Tubal-Cain and the decedent does not (she argues) apply to claims for emergency relief like a TRO.  (*Id.*).

She is wrong.  The factual allegations Plaintiff presents in her newly-amended Petition are identical to those previously pled.  Plaintiff alleges (like she did before) that the decedent was found in a tank located on premises owned and/or controlled by Tubal-Cain and that, when his body was recovered from the tank, he was already deceased.  (Pl.'s 2nd Supp. Pet. at ¶ IV).  Plaintiff alleges (like before) that decedent was a Tubal-Cain employee and that Tubal-Cain owned, operated, and/or controlled the facility where the alleged incident occurred and the

equipment to be used by employees like the decedent. (*Id.*). Plaintiff alleges (like before) a single fact relating to Evergreen—that it owned the tank in which the decedent was found.[1] (*Id.*).

Plaintiff's apparent intent is to proceed to arbitration with Tubal-Cain and maintain this action separately and simultaneously against Evergreen. Plaintiff's amended Petition against Evergreen is based on the same factual allegations she previously asserted (and will assert at arbitration) against Tubal-Cain. In fact, the vast majority of the allegations in the amended Petition pertain only to Tubal-Cain, not Evergreen. Plaintiff should not be permitted to simultaneously maintain two separate proceedings, presenting identical factual allegations, against two separate entities—one in arbitration pursuant to a contractual argument and one in civil litigation. Evergreen's request for a stay of this litigation pending arbitration is not (as Plaintiff claims) moot.

**B.      Evergreen Has Demonstrated the Need to Stay This Litigation.**

The Federal Arbitration Act ("FAA") includes a mandatory stay provision that requires trial courts to stay any suit that is referable to arbitration pursuant to a written agreement upon motion of any party. 9 U.S.C. § 3 (1947). Plaintiff does not dispute that Tubal-Cain has filed a motion that invokes the mandatory stay provision. Plaintiff also does not dispute that the test for determining if the mandatory stay applies to a non-signatory like Evergreen turns on whether: (1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are "inherently inseparable"; and (3) the litigation has a "critical impact

---

[1] It bears emphasizing that this is the only <u>fact</u> Plaintiff can and does plead against Evergreen. While she makes a host of legal allegations against Evergreen (*i.e.*, that Evergreen was negligent and grossly negligent by, she claims, failing to warn the decedent of the "dangerous and deadly substance" in the tank, failing to label or affix a placard to the tank that would have alerted the decedent of its contents, and committing "various other acts and/or omissions of negligence, gross negligence, fault and strict liability, both statutory and common law, to be specified in detail at time of trial") (Pl.'s 2nd Supp. Pet. at ¶ V), she alleges absolutely no <u>facts</u> that could possibly support any such claim, nor do any exist. As Plaintiff knows from Evergreen's verified interrogatory answers (attached as <u>Exhibit 1</u>), Evergreen only rented the tank—empty—to a third party. Evergreen did not load or fill the tank with any substance (let alone an allegedly "dangerous and deadly" one), nor was it involved in transporting, moving, or delivering the tank.

on the arbitration." *See In re Devon Energy Corp.*, 332 S.W.3d 543, 548 (Tex.-Houston 2009, no pet.) (citing *Waste Mgmt., Inc. v. Resdiuous Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004)).  What Plaintiff alleges is that Evergreen has failed to satisfy the test.

She is wrong.  Preliminarily, Plaintiff does not even address the first factor ("same operative facts"), instead focusing only on the <u>claims</u> presented against the parties—not the <u>facts</u> underlying them.  For good reason.  There can be no reasonable dispute that the same operative facts are at issue in this litigation and in any arbitration between Plaintiff and Tubal-Cain.  In the two different versions of the Supplemental Petition for Damages that Plaintiff has filed, she alleges the <u>exact same</u> operative facts: (1) that decedent was found in a tank on Tubal-Cain premises; (2) that decedent was deceased; (3) that decedent was a Tubal-Cain employee; (4) that Tubal-Cain owned, operated, and/or controlled the subject facility and the equipment employees used there; and (5) that Evergreen owned the subject tank.  This is telling.  These are, in Plaintiff's view, the factual allegations that underlie her legal claims against both Tubal-Cain and Evergreen.  She intended to present these allegations as support for legal claims against Tubal-Cain in this litigation before Tubal-Cain filed a motion to compel arbitration.  These are surely the factual allegations she will use to support her claims against Tubal-Cain at arbitration.  They are the only factual allegations Plaintiff has ever presented against Evergreen.[2]  The first factor is met here.

The second factor (the claims asserted in the arbitration and litigation are "inherently inseparable") also supports staying Plaintiff's case against Evergreen.  Plaintiff argues that this factor is not met because all Plaintiff currently alleges against Tubal-Cain in this lawsuit (she says) are claims for injunctive relief, while she alleges negligence and gross negligence claims against Evergreen.  This misses the point.  The second factor focuses on whether the claims to be litigated

---

[2] Again, the only allegation specific to Evergreen that Plaintiff has ever pled is that Evergreen owned the subject tank. This is entirely insufficient to state any legal cause of action against Evergreen, let alone a legally viable one.

and the claims to be arbitrated are inseparable, not whether any remaining claims alleged against the party seeking arbitration are inseparable from other claims to be litigated.  The claims Plaintiff will allege against Tubal-Cain at arbitration (previewed by her first Supplemental Petition for Damages) and those she alleges against Evergreen in this case (stated in the Second Supplemental Petition) seek recovery for the same alleged damages.  The same operative facts underlie Plaintiff's allegations against both Tubal-Cain and Evergreen.  Plaintiff will present the same theories of law (negligence and gross negligence) and elements of causes of action in both proceedings.

Our courts have found that claims are inseparable in similar circumstances.  Take *In re East Hondo Water Supply Corp.*, No. 13-12-00538-CV, 2012 WL 4377898 (Tex. App.-Corpus Christi-Edinburg Oct. 29, 2012) as an example.  There, plaintiff, the owner of two water towers, purchased products from one defendant (Madison) to recoat the interior and exterior surfaces of the towers and hired another defendant (Diversified) to apply the coating. *See id.* at *1.  Plaintiff's contract with Diversified included an arbitration clause, but its contract with Madison did not.  Several years later, the coating on both towers began to peel.  Plaintiff sued Madison and Diversified for breach of contract, negligence, breach of warranties, and other claims.  On Diversified's motion, the trial court compelled Diversified and plaintiff to arbitrate and stayed the litigation pending arbitration.  Madison later filed its own motion to stay pending the arbitration between Diversified and plaintiff, which was granted.  Reviewing a writ of mandamus filed by plaintiff, the Corpus Christi/Edinburg appellate court found that all three elements required for a stay to extend to a non-signatory (like Madison) were met. *See id.*  As to the second element, the court found that the arbitrated and litigated disputes both "revolve[d] around whether the delamination [peeling] and deterioration resulted from Madison's products or Diversified's application of the products, and therefore, [were] inherently inseparable." *Id.* at *8.  Similarly

here, the disputes to be arbitrated (against Tubal-Cain) and litigated (against Evergreen) both revolve around whether the decedent's death resulted from alleged acts or omissions by Tubal-Cain, Evergreen, or neither of them (*i.e.*, from negligence by the decedent or a third-party). The claims presented in both proceedings are "inherently inseparable." The second factor is met here.

Lastly, the third factor is met here. The litigation will have a "critical impact" on the arbitration. Simultaneous litigation and arbitration runs the risk of inconsistent results that could prevent the arbitrator from fully resolving the dispute between Plaintiff and Tubal-Cain, a fact Plaintiff does not dispute. In the unlikely event damages were awarded against Tubal-Cain at arbitration and Evergreen in litigation, Plaintiff would receive an improper windfall, recovering twice, in two proceedings, for the same alleged damages arising from the same alleged incident. There is also an impact on responsible third party practice, which Plaintiff downplays in her response brief, arguing that the impact of separate arbitration proceedings on responsible third party practice in the litigation is not so "critical" as to justify a stay. Again, *In re East Hondo Water Supply Corp.* is instructive. There, the Corpus Christi/Edinburg appellate court explained:

> Finally, if the litigation proceeded with the designation of Diversified as a responsible third party, that ruling would have a critical impact on the arbitration and, in fact, could destroy Diversified's right to a meaningful arbitration.

2012 WL 5377898, at *8. Once designated as a responsible third party, Tubal-Cain (like Diversified in the cited case) may have responsibility for the subject incident and the decedent's death assessed against it by the jury. While this would not result in a monetary judgment against Tubal-Cain in the civil litigation, it very might well destroy Tubal-Cain's ability to meaningfully arbitrate the issue of its responsibility for the alleged incident separately through arbitration and will thus prejudice Tubal-Cain's right to meaningful arbitration.[3] The third element is met.

---

[3] This prejudice is in addition to the prejudice to Evergreen that Evergreen identified in its initial submission.

6

Evergreen has satisfied all three elements of the test Plaintiff agrees applies. Plaintiff's parallel litigation against Evergreen must be stayed pending arbitration on the same operative facts and legal claims against Tubal-Cain. One additional point must be made. Plaintiff claims in her brief that Evergreen "agrees to be bound by the findings of an arbitrator as to Tubal-Cain." (*See* Pl.'s Resp. at pg. 4). This is absolutely untrue. In its initial submission, Evergreen argued at length that it cannot be made to participate in an arbitration arising from an agreement to which it was not a party. *See Roe v. Ladymon*, 318 S.W.3d 502, 511 (Tex. App.-Dallas 2010, no pet.); *Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 706 (Tex. App.-Houston 2009, no pet.); *BMLW Stage Lighting, Inc. v. Mayflower Transit, Inc.*, 14 S.W.3d 395, 400 (Tex. App.-Houston 2000). Having disputed that it could be made a party to the Tubal-Cain/Plaintiff arbitration, Evergreen also plainly disputed that it could be bound by any findings or determinations made by the arbitrator at that proceeding. For clarity, Evergreen re-asserts and reemphasizes that it will not be bound by any findings made by an arbitrator at a proceeding to which it is not a party and in which it has not agreed to participate. Rather, Evergreen only points out how allowing arbitration to proceed simultaneously as this civil litigation creates prejudice for both Evergreen and for Tubal-Cain.

## III.  **CONCLUSION**

For all the reasons explained here and in Evergreen's initial brief, this civil litigation should be stayed pending arbitration between Plaintiff and Tubal-Cain on the exact same facts and claims.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
Telephone: (409) 654-6700
Telecopier: (409) 835-2115

By:      */s/ Karen Bennett*
        Karen Bennett
        State Bar No. 21702640
        krbennett@germer.com

**ATTORNEYS FOR
DEFENDANT EVERGREEN
TANK SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all parties in this case, through their counsel of record, on this, the 9th day of January, 2019.

        */s/ Karen Bennett*
        Karen Bennett

8

